SHORT RECORD
NO. 23-8024
Filed: 10/13/2023

**No.**

# In the
# United States Court of Appeals
## for the Seventh Circuit

HOLLY BLAINE VANZANT, et al.,

*Plaintiffs-Respondents,*

v.

HILL'S PET NUTRITION, INC.,

*Defendant-Petitioner,*

PETSMART, INC.,

*Defendant.*

_____

On Petition for Permission to Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division, No. 1:17-cv-02535.
The Honorable Jorge L. Alonso, Judge Presiding.

## HILL'S PET NUTRITION, INC.'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f) FROM AN ORDER GRANTING CLASS CERTIFICATION

RICHARD B. GOETZ
JASON ZARROW
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
(213) 430-6000

HANNAH Y.S. CHANOINE
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

*Counsel for Petitioner*

 COUNSEL PRESS · (866) 703-9373

PRINTED ON RECYCLED PAPER 

# TABLE OF CONTENTS

**Page**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENTS ............................................................ i

TABLE OF AUTHORITIES ................................................................................................. v

INTRODUCTION ................................................................................................................ 1

QUESTIONS PRESENTED ................................................................................................. 4

FACTUAL AND PROCEDURAL BACKGROUND ............................................................ 4

    A.    Plaintiffs' Evidence Illustrates The Absence Of Class-Wide Proof Of Materiality And Causation .............................................................. 7

    B.    Plaintiffs' Damages Model ..................................................................... 9

    C.    The District Court's Certification Order ........................................... 10

ARGUMENT ...................................................................................................................... 12

I.    THIS COURT SHOULD GRANT REVIEW TO CORRECT THE DISTRICT COURT'S MISREADING OF ITS PRECEDENT ................................... 13

    A.    The District Court Misunderstood *Suchanek* ................................. 13

    B.    District Court Decisions Are In Disarray ........................................ 17

II.    THE COURT SHOULD GRANT REVIEW OF THE DISTRICT COURT'S PARTIAL RESOLUTION OF HILL'S *COMCAST* CHALLENGE ......................... 19

CONCLUSION .................................................................................................................. 22

CERTIFICATE OF COMPLIANCE ................................................................................... 23

CERTIFICATE OF SERVICE ............................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Clark v. Experian Information Solutions, Inc.,*
256 F. App'x 818 (7th Cir. 2007) .................................................................. 15, 16

*Comcast Corp. v. Behrend,*
569 U.S. 27 (2013) ...................................................................................................... 3

*Ellis v. Costco Wholesale Corp.,*
657 F.3d 970 (9th Cir. 2011) ................................................................................ 21

*In re Fluidmaster, Inc., Water Connector Components Products Liability
Litigation,*
2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) .................................................. 17

*Langendorf v. Skinnygirl Cocktails, LLC,*
306 F.R.D. 574 (N.D. Ill. 2014) ...................................................................... 17, 18

*Lipton v. Chattem, Inc.,*
289 F.R.D. 456 (N.D. Ill. 2013) ....................................................................... 18, 19

*Messner v. Northshore University HealthSystem,*
669 F.3d 802 (7th Cir. 2012) ...................................................................... 3, 20, 21

*Nutraceutical Corp. v. Lambert,*
139 S. Ct. 710 (2019) ............................................................................................. 20

*Reliable Money Order, Inc. v. McKnight Sales Co.,*
704 F.3d 489 (2013) ................................................................................................ 12

*Suchanek v. Sturm Foods, Inc.,*
764 F.3d 750 (7th Cir. 2014) .......................................................... 2, 11, 14, 15

*Tyson Foods, Inc. v. Bouaphakeo,*
577 U.S. 442 (2016) ............................................................................................... 18

*Vanzant v. Hill's Pet Nutrition, Inc.,*
934 F.3d 730 (7th Cir. 2019) .............................................................................. 5

*Vanzant, et al. v. Hill's Pet Nutrition, Inc., et al.,*
No. 1:17-cv-02535 (N.D. Ill.) .............................................................................. 5

# TABLE OF AUTHORITIES
(continued)

**RULES**

Fed. R. Civ. P. 23 ................................................................................................................ 18

Fed. R. Civ. P. 23(f) .................................................................................................. *passim*

**OTHER AUTHORITIES**

*Rubenstein on Class Actions* § 4:53 (6th ed.) ........................................................... 16

# INTRODUCTION

This is one of those unusual cases where the district court's order granting class certification is the best evidence a class should not be certified. Hill's makes Prescription Diet ("PD") pet food. PD food is clinically proven to help sick pets and pets with certain health conditions—all through specially-formulated nutrition and without the use of pharmaceutical drugs. Veterinarians, including Plaintiffs' veterinarians, highly value the benefits PD foods deliver to pets in their care. But foods like PD have risks when fed to the wrong pet. To ensure that PD is not misused, and consistent with FDA guidance, Hill's limits PD sales to pet owners who have a veterinarian's recommendation. Plaintiffs Holly Vanzant and Sherry Nevius allege that this practice—requiring a vet's recommendation, what they call the "prescription requirement"—violates the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").[1] They seek to represent a class of Illinois PD purchasers. Their main deception theory is that requiring a veterinary recommendation misleads consumers into believing that PD foods contain medication when they do not, and that they would not have paid the same prices had they known the foods do not contain drugs.

As the district court recognized, there are serious questions whether Vanzant and Nevius bought PD because they *actually* believed the food contained medicine, and

---

[1] This petition sometimes refers to the vet-recommendation requirement as a "prescription requirement," Plaintiffs' terminology in this litigation. Hill's disagrees that this characterization is accurate.

if they did, whether that misunderstanding mattered. The court held that Vanzant was not an adequate representative because she continued to purchase PD foods even after learning they did not contain medicine. Nevius presented a closer question because there is a fact dispute about when she learned that her pet food does not contain medicine. If the jury concludes Nevius purchased the food knowing it did not contain medicine, it will likely reject her claim that the "prescription requirement" misled her into buying the pet food in the first place.

The district court's certification order confirms that individualized questions permeate the class. According to Plaintiffs' own expert, only about 33% of class members believe that PD foods contain medication. Thus, the court would have to conduct a series of individualized mini-trials to determine who those class members are, whether the remainder of the class *ever* believed these foods contained medicine, and if that belief would have mattered a whit if they were committed to following their veterinarian's advice or were happy with PD's effect on their pets' health.

Yet the district court refused to consider the impact of that knowledge on the "thornier" issue of predominance. It did so in reliance on this Court's decision in *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014), which it misread to hold that, for predominance, what matters is whether the class is limited to consumers who "could have been injured by" the defendant's conduct.

The district court misunderstood *Suchanek*'s statement about the class definition in that case, and erroneously interpreted it to mean that individualized issues can never predominate in a properly defined class. The court's decision conflicts with *Suchanek* and, if allowed to stand, would significantly weaken Rule 23(b)(3)'s predominance requirement. Indeed, *Suchanek* itself, and seminal decisions like *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), would have come out differently if the only rule for predominance were that the class must be limited to those exposed to the allegedly unlawful conduct. The district court's misreading of this Court's precedent presents precisely the type of important class-action question Rule 23(f) was designed to address.

This Court should also grant review to correct the district court's resolution of Hill's challenge to Plaintiffs' damages model under *Comcast*. The court promised to explain why it rejected Hill's challenge "in a forthcoming separate opinion" on Hill's *Daubert* challenge. Not only does that conflict with the requirement that a district court must make "explicit *Daubert* ruling[s]" "before it may rule on a motion for class certification," *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 812 (7th Cir. 2012), but it neuters Rule 23(f). Delaying its *Daubert* decision shields the court's *Comcast* analysis from 23(f) review (unless Hill's preemptively files a petition) because its forthcoming opinion will not be appealable under Rule 23(f). And given the indications thus far, there is reason to believe the district court's forthcoming decision will warrant immediate correction.

This Court should grant review under Rule 23(f) and reverse.

## QUESTIONS PRESENTED

1.       Should this Court grant 23(f) review to determine whether the district court erred in finding predominance under *Suchanek* because the class is limited to consumers who "could have been injured by" Hill's allegedly deceptive conduct?

2.       Should this Court grant 23(f) review to determine whether the district court erred in rejecting Hill's challenge under *Comcast* based on a "forthcoming" order on a *Daubert* motion?

## FACTUAL AND PROCEDURAL BACKGROUND

For decades, Hill's has made PD pet food to help sick pets and those with medical conditions.  Just as diabetic people should limit sugar and glucose as part of a therapy plan that may *also* include medication such as insulin—all under a doctor's supervision—sick pets and pets with health conditions can also benefit from specially formulated diets.  These diets, known as therapeutic foods, have controlled nutrient profiles tailored to the needs of pets with different health conditions.

While therapeutic foods like PD contain no pharmaceutical drugs, they are useful tools for vets in managing pets' health.  In some cases, dietary changes can be the primary method for managing certain conditions, such as food allergies, obesity, and

chronic kidney disease.  DE.275-1 at 3–5; DE.275-2 at 5.[2]  Vets also use therapeutic

nutrition as part of broader treatment plans that may include medicine, surgery, and

other interventions.  DE.275-1 at 4.  Hill's makes more than 45 different PD foods, each

of which is the result of years of research into specific health conditions, testing of

nutritional approaches to manage those conditions, clinical research on efficacy, and

state-of-the-art innovation.  *Id.* at 4–5.

   But as the FDA recognized in 2016, while therapeutic pet foods can help when

used correctly, they can, without vet supervision, harm pets.  DE.252-4 at 467.[3]  It is

undisputed that some therapeutic foods can be unsafe when fed to the wrong pet.

DE.275-1.[4]  Or pet parents might reach for PD when their pets really need to see a vet.

Or a pet may not tolerate the food over time.  That is why talking to a vet and using the

foods only under a vet's supervision is so important.  Consistent with FDA guidance

---

[2] Citations to "DE.#" refer to docket entries in *Vanzant, et al. v. Hill's Pet Nutrition, Inc., et al.*, No. 1:17-cv-02535 (N.D. Ill.).  "A-#" refers to the Appendix to this petition.

[3] In *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730 (7th Cir. 2019), this Court reversed the district court's conclusion that FDA's guidance triggered the ICFA's safe harbor.  That decision is not relevant to the class-action issues here.

[4] Pets with kidney disease might benefit from PD k/d—a protein-restricted therapeutic food—but a young, healthy pet fed the same food could experience inhibited growth, bone pain, and muscle wasting.  DE.275-3 at 60:8-61:14; DE.275-2 at 6.  Similarly, vets recommend m/d Feline to help manage diabetes mellitus and obesity.  DE.275-1 at 8–9.  But cats eating m/d Feline should remain under veterinary care because they can experience rapid weight loss and increased risk of liver disease.  *Id*.

and with its own practice for decades, Hill's limits PD sales to pet owners "purchasing the product under the direction of a veterinarian." DE.252-4 at 469.

Plaintiffs neither rebut nor dispute *any* of Hill's expert evidence that the products work—and work well. They do not dispute the many scientific studies demonstrating that PD nutrition is clinically proven to deliver significant therapeutic benefits compared to wellness foods sold without the need for a vet's recommendation—all without the use of drugs. DE.275-1 at 1–3; DE.275-2 at 9–29; DE.252-2. They do not rebut or dispute the evidence that these foods pose risks when fed to pets without veterinary supervision. DE.275-4 at 24:14-25:5; DE.275-3 at 60:8–61:14; DE.252-4 at 467. Nor do they dispute that vets, exercising their independent clinical judgment, recommend these foods as a key tool in their standard of care. DE.275-4 at 23:16-24:24; *see also* DE.275-2 at 5; DE.275-8 at 10–11. As Nevius's vet, Dr. Bleem testified, "the research behind these diets, the experts that I can call when trying to organize my treatment plan, and the outcomes that I've seen outweigh any other supportive care measures that I can offer these pets beyond medication and certain therapies." DE.275-3 at 24:3-25:21.

Plaintiffs nonetheless claim that the so-called "prescription requirement" was deceptive and unfair under the ICFA. Plaintiffs' deception theory is that this requirement misled them into paying high prices because they believed that PD foods contain medicine when they do not. A-2. Their unfairness theory is that PD food is

6

misbranded because it lacks FDA approval.  A-12.  Plaintiffs sought to certify a class of

purchasers of PD pet food in Illinois.  A-1.

**A.**     **Plaintiffs' Evidence Illustrates The Absence Of Class-Wide Proof Of Materiality And Causation**

Comparing the named Plaintiffs' purchase histories illustrates why this case

should not proceed as a class action.  Vanzant began purchasing PD foods in 2013.  A-

10.  In 2016, Vanzant learned that PD did not contain medicine yet continued

purchasing it, even after filing her lawsuit.  A-10.  The district court correctly held that

"a jury easily could find that Vanzant has not proved materiality or causation on her

deceptive practices claim," A-11, at least from 2016 forward.

Nevius fed her dog PD for a month before switching to a competitor's product,

which also required a vet's recommendation.  Nevius initially testified that she

continued purchasing that product "because it was working."  A-13.  She then

equivocated, stating she could not "say for sure" when she stopped purchasing it.  A-

13.  An important issue at trial will be when she learned "prescription" pet foods do not

contain medicine.  As with Vanzant, a reasonable jury could find that Hill's requirement

of a veterinary recommendation was neither material nor the cause of injury for a

customer who purchased PD food knowing it did not contain medicine.  Or the jury

could conclude that some purchasers, like Plaintiffs' expert Janet Netz, would not have

cared had they known the food did not contain medicine, because they believed that a vet-recommended food that helped a pet was worth buying at a higher price.[5]

Plaintiffs' "class-wide" evidence further confirms that materiality and causation problems permeate the class. According to one Plaintiffs' expert, only 22% to 46% of "actual or likely PD purchasers believe that PD foods contain a drug or medicine based on the prescription requirement and labeling." A-19–20. In other words, more than half the class has the same problem as Vanzant and Nevius—they purchased PD believing it did not contain medicine, and thus cannot contend that the vet-recommendation requirement deceived them into believing the opposite.

As Vanzant's and Nevius's testimony illustrates, the only way to determine why an individual class member purchased PD is to ask them. And while a minority of actual or likely PD purchasers may not yet know that PD foods contain no medicine, there is no reason to believe that every one of them would act differently upon learning that fact. Indeed, a jury could find that, just like Vanzant, Netz, and Nevius, those individuals would continue buying PD foods even after learning they contain no medicine because they are specifically formulated and clinically proven to be the right

---

[5] Netz kept buying PD for her own cat for *years* after being retained as a damages expert because her cat thrives on it—and suffers when offered different food. DE.275-10 at 210:19-215:24.

food for cats and dogs with certain health conditions—in other words, because they work.

That many PD purchasers knew that the food did not contain drugs and instead delivered its benefits through nutrition should come as no surprise. Inherent in the vet-recommendation requirement is the need for potential purchasers to discuss PD food *with their vet*. A-20. And many of those conversations likely centered on the nature of PD food being discussed. DE.275-9 at 101.

### B. Plaintiffs' Damages Model

Plaintiffs' theory of damages is "that consumers overpaid for PD because of the prescription requirement and the alleged misrepresentation that PD contains medicine." A-24. Plaintiffs hired Netz to calculate the price premium attributable to that alleged misrepresentation.

A properly constructed model would measure how much reasonable consumers would have paid for PD foods without a vet-recommendation requirement. But that is not what Netz did. Netz calculated the difference in price between PD foods with the requirement and *non-specialty* pet food manufactured by Hill's: its "Science Diet" (SD) wellness foods for healthy pets. A-22.

SD and PD foods are not the same. Although SD products are sold without the need for a veterinary recommendation, it is undisputed that they *perform different* functions and deliver different benefits. Based on years of research, clinical testing, and

development, PD foods are specially formulated for sick pets or pets with health conditions.  SD foods are not.  Thus, Plaintiffs produced no evidence to dispute a key fact:  nutritionally and medically, PD and SD foods are not interchangeable.[6]  DE.275-1 at 11–12; DE.275-2 at 5–6.  Even Netz agreed that PD foods deliver benefits to pets that SD foods do not.  DE.275-17 at 270:22-272:19, 252:14-17.  But she did not account for those differences in her model.  *Id*.  If Netz's model were used to measure damages, consumers would receive the nutritional benefits of PD foods without paying for them.

Plaintiffs also rely on Netz's model in support of their unfairness claim.  But Netz's model "does not differentiate between damages due to deceptive versus unfair practices," A-26, even though there is no reason to believe that the class's harm under the deception theory would be the same as under the unfairness theory.  Thus, if the jury concludes the vet-recommendation requirement is only unfair (and not deceptive), Plaintiffs' have no model for those damages, and thus the class would fail under *Comcast*.

### C.    The District Court's Certification Order

The district court certified the class.  As relevant here, it held that Nevius was an adequate class representative although Vanzant was not.  The court distinguished

---

[6] For example, Hill's sells PD r/d—a food aimed at rapid weight loss in obese pets—and SD Adult Light, a wellness food aimed at maintaining healthy weight in less-active pets.  Both use some of the same ingredients, but they have significantly different caloric loads, fiber content, and fat levels.  While a healthy pet could safely maintain body weight while eating SD Adult Light, it could not do so eating PD r/d.  DE.275-1 at 11–12.

between the two because the evidence unequivocally showed that Vanzant purchased PD foods after learning they did not contain medicine so "a jury easily could find that Vanzant has not proved materiality or causation on her deceptive practices claim," A-11, whereas there was a fact dispute about when Nevius discovered that vet-recommended pet food did not contain medicine, A-13.

On "the thornier issue" of predominance, the court held that individualized inquiries into whether class members did or would purchase PD foods knowing it does not contain medicine could not, as a matter of law, predominate under this Court's decision in *Suchanek*. A-17. As the court read *Suchanek*, the critical distinction is between "class members who *were not* harmed and those who *could not* have been harmed." A-18 (quoting *Suchanek*, 764 F.3d at 758). Here, "all putative class members were exposed to the allegedly deceptive practice[] and could have been injured by it" because the class is limited to PD purchasers. A-19. Accordingly, the court held that *Suchanek* rendered irrelevant that purchasers (like Vanzant, Netz, and maybe Nevius) "learned that PD pet food did not contain medicine" and continued to buy the pet food anyway. A-20. "Such an argument," the court held, "is not a basis for denying class certification," even on predominance grounds. A-20.

With respect to Netz's damages model, the court did not meaningfully resolve Hill's arguments that Netz used the wrong benchmark (SD as opposed to PD without the vet-recommendation requirement). A-24. Instead, the court held that Hill's

11

arguments overlapped with its *Daubert* motion, which the court has denied for reasons

to be "set forth in a forthcoming separate opinion." A-24. And although the court held

that Netz's damages opinion was inadequate to support Plaintiffs' unfairness claim

against co-defendant PetSmart, A-26, it will apparently hold that the same error—

failure to "differentiate between damages due to deceptive versus unfair practices"—

will not undermine the model as to Hill's.

## ARGUMENT

This Court's authority to grant review under Rule 23(f) is "broad": it has

"unfettered discretion whether to permit the appeal." *Reliable Money Order, Inc. v.

McKnight Sales Co.*, 704 F.3d 489, 497 (2013) (quotations omitted). Here, the district

court's decision presents two important questions of federal class-action law. *Id.* The

district court imported *Suchanek*'s statement about the standards for *defining* a class into

its analysis of *predominance*. If allowed to stand, the district court's decision would all-

but eliminate predominance as an independent requirement for certification in properly

defined classes. In addition, the court's resolution of Hill's *Comcast* challenge via a

forthcoming opinion *after* the Rule 23(f) appeal deadline has passed is both procedurally

and substantively problematic.

## I. THIS COURT SHOULD GRANT REVIEW TO CORRECT THE DISTRICT COURT'S MISREADING OF ITS PRECEDENT

### A. The District Court Misunderstood *Suchanek*

As the district court held for Vanzant, evidence that a class member purchased PD knowing it did not contain medicine would "substantially undermine the materiality and causation elements of her claims." A-11. As its decision also illustrates, this is not a one-off issue. The class is *full* of Vanzants. Hill's will raise the same challenge to Nevius, whose claims turn on a contested factual question of when she learned that vet-recommended pet food does not contain medicine. And Plaintiffs' own survey evidence showed that *only* 22% to 46% of potential purchasers actually believe PD foods contain medication based on this requirement. A-19–20. But the only way to determine who those class members are is to ask them. Individualized inquiries will be required to determine *whether* class members purchased PD knowing it did not contain medication. They will be required to determine *when* class members did so. And they will be required to determine whether class members *cared* whether the foods contained medicine—some, like Netz, purchased PD because their pets thrived on the food and trusted their vets' advice.

The district court nevertheless certified the class. It did so based on a misreading of *Suchanek*. According to the court, *Suchanek* held that so long as the class is limited to purchasers who "were exposed to the allegedly deceptive practice[] and could have been injured by it," individualized questions about whether those class members were

13

harmed by it are "not a legitimate basis for denying certification."  A-18 (quoting

*Suchanek*, 764 F.3d at 757).  Thus, the court held that individualized questions about

whether a class member (such as Vanzant and Nievus) "learned that PD pet food did

not contain medicine" and bought the product anyway could "not be a basis for

denying class certification."  A-20.  The answer to *that* question could show that a

purchaser was not in fact harmed, but it would not show "that the purchaser *could not*

have been harmed."  A-20.

But *Suchanek* plainly did not hold that such individualized questions cannot

predominate where the whole class was exposed to the allegedly unlawful conduct.

*Suchanek* merely reiterated the settled circuit rule that a class cannot be "*defined* so

broadly as to include a great number of members who for some reason could not have

been harmed by the defendant's allegedly unlawful conduct."  764 F.3d at 758

(quotations omitted; emphasis added).  A class definition can still be proper if it sweeps

in "class members who *were not* harmed."  *Id*. (quotations omitted).  That the class in

*Suchanek* was defined to include some class members who might not have been harmed

thus "was not a legitimate basis for denying certification."  *Id*. at 758.

But the permissible scope of a class *definition* and Rule 23(b)(3) *predominance* are

different issues.  Just because a class can include uninjured class members does not

mean that questions about whether class members were actually injured by the

defendant's conduct will never predominate.

Had *Suchanek* adopted *that* rule, it would have fundamentally upended class-action law. That rule would mean, for instance, that predominance would be satisfied in virtually all false-labeling cases, where every consumer class member is exposed to—and could have been harmed by—the challenged label. *Suchanek* held no such thing. In the next section of *Suchanek*, this Court specifically addressed predominance. *Id.* at 759. *Suchanek* held that there was no *per se* rule that individualized inquiries into causation always defeat predominance, just as there is no *per se* rule that individualized inquiries into causation can never defeat predominance. *Id*. Thus, *Suchanek* made clear that it was "not holding that the district court must certify the class on remand." *Id.* at 761. That result is fundamentally at odds with the district court's holding here. If individualized questions implicating causation can never predominate in false-labeling cases where the class is properly defined, as the district court held here, *Suchanek* would have ordered that the class be certified.

This Court's earlier decision in *Clark v. Experian Information Solutions, Inc.*, 256 F. App'x 818 (7th Cir. 2007), similarly illustrates the district court's error. The *Clark* plaintiffs alleged that the defendant engaged in deceptive conduct under the ICFA by not clearly disclosing that consumers signing up for a credit report on its website would be auto-subscribed to credit monitoring services. To prevail, each class member was required "to prove that the deceptive nature of the website caused each of them to enroll in the credit monitoring service and incur unwanted charges." *Id*. at 821. "Such

causation," this Court held, "cannot necessarily be inferred from the fact that the class is defined as members who did not access the service; individuals could have enrolled in the service knowingly and chosen not to access it." *Id*. at 821–22. As *Clark* illustrates, causation *can* defeat predominance depending on the facts, even in classes defined to include only those individuals who "could have been injured by" the defendant's conduct. A-18.

The district court's decision would also mean that individualized questions of reliance cannot predominate in fraud cases if the class is defined to include only those people exposed to the fraud. In such a case, individualized proof that certain class members did not rely on the fraudulent conduct "might only reveal that the [class member] was not in fact harmed," which the district court here believed was "not a basis for denying class certification." A-18-19. Hornbook law says otherwise. *See Rubenstein on Class Actions* § 4:53 (6th ed.) ("[I]ndividualized reliance, particularly in common law fraud cases" "present[s] [one of] the biggest hurdles to finding that common questions predominate."). So do the Notes to Rule 23(b)(3), which call out fraud cases as "unsuited for treatment as a class action if there was material variation … in the kinds or degrees of reliance by the persons to whom [the misrepresentations] were addressed." Fed. R. Civ. P. 23, Advisory Committee Notes to the 1966 Amendments; *see also infra* at 19–21.

In short, the district court made a significant error of class-action law that this Court should grant 23(f) review to correct. It misread this Court's decision in *Suchanek* to erect a rule that, if adopted, would undercut the predominance standard in properly defined classes. This Court is uniquely situated to instruct district courts on the meaning of its precedents, and it should take this opportunity to correct a serious misunderstanding.

**B.      District Court Decisions Are In Disarray**

This Court's review is all the more pressing because district courts within this Circuit have diverged on their reading of *Suchanek* and in denying certification on materially indistinguishable facts.

In *In re Fluidmaster, Inc., Water Connector Components Products Liability Litigation*, 2017 WL 1196990 (N.D. Ill. Mar. 31, 2017), for instance, Judge Dow explained, contrary to the court below, that *Suchanek* did *not* hold "that reliance issues can *never* predominate in a consumer fraud case." *Id*. at *55 n.59. "Otherwise, there would have been no need for the Seventh Circuit to remand with anything other than instructions to certify a class." *Id*. *Suchanek* instead requires district courts to "undertake 'rigorous' and nuanced analysis of these issues, rather than relying on a blanket 'rule,'" *id*., as explained above.

Similarly in *Langendorf v. Skinnygirl Cocktails*, LLC, 306 F.R.D. 574 (N.D. Ill. 2014), the district court did not hold that *Suchanek* required it to reject the defendant's

argument that individualized questions of causation predominated. But *Langendorf* adopted yet a different reading of *Suchanek*, reflecting the confusion. According to *Langendorf*, the critical fact in *Suchanek* was that the record did not show that the named plaintiff's claim was idiosyncratic or unique. *Id.* at 583. *Langendorf* thus held that individualized questions predominated because the plaintiff there "offer[ed] no evidence concerning the portion of the proposed class that did not know about the [issue] and would not have purchased the product (or paid as much as they did) had they known." *Id*. *Langendorf* reached the right result, but also misread *Suchanek*. It does not matter for predominance what portion of the class "share[s] the named representative's grievance." *Id*. (quotations omitted). That issue goes to Rule 23(a)'s typicality and adequacy requirements. What matters for predominance is whether individualized questions will play a more significant role at trial than common ones. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Finally, in *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 462 (N.D. Ill. 2013), Judge Feinerman held that individualized questions of deception and causation predominated because the proposed class included individuals who: (1) did not know the labels were false and would not have purchased the product had they known the truth; (2) did not know the labels were false and would have still purchased the product had they known the truth; and (3) knew the labels were false and purchased the product anyway. "These differences among the proposed class," Judge Feinerman held, "require that the

18

key liability issues—whether a given class member was deceived by [the labeling] and whether she suffered damages as a result—can be resolved only on an individual basis." *Id*.

Likewise here. Some class members may have been deceived into buying PD based on the implication it contained medicine. Some class members may not have cared whether the foods had medicine. And others bought PD *knowing* there was no medicine. The only way to determine for any given pet owner whether the alleged implication of "drugs" was either material or caused injury would be, at minimum, to ask every class member what they knew and when. The district court never considered whether those inquiries will predominate because it misread *Suchanek*. This Court should grant 23(f) review to correct that error and restore clarity to circuit law.

## II. THE COURT SHOULD GRANT REVIEW OF THE DISTRICT COURT'S PARTIAL RESOLUTION OF HILL'S *COMCAST* CHALLENGE

This Court should independently grant review because the district court's treatment of Hill's *Comcast* challenge presents important procedural and substantive questions of class-action law.

Hill's maintains that Plaintiffs' damages model does not reflect their theory of liability because: (i) the model erroneously assumes that PD foods provide no therapeutic benefits; and (ii) the model fails to distinguish between Plaintiffs' deception and unfairness claims. Hill's also moved to exclude Netz on similar grounds. In its

certification order, the district court rejected Hill's argument "for the reasons set forth in a forthcoming separate opinion." A-24.

That decision compromises Hill's rights under Rule 23(f). A party must file a 23(f) petition "within 14 days" of the district court's certification decision. This time limit is "unalterable if properly raised by an opposing party" and cannot be equitably tolled. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) (quotations omitted). The court's order started the 14-day appeal clock under Rule 23(f). But a "forthcoming" decision rejecting Hill's *Daubert* motion will not restart that clock because it will not be "an order granting or denying class-action certification." Fed. R. Civ. P. 23(f).

Thus, even if the district court commits a significant error of class-action law in its forthcoming decision—for example, by holding *Comcast* inapplicable in Illinois—the decision would not be appealable under Rule 23(f) because the time to appeal has already expired. To preserve this Court's ability to review important issues of class-action law under Rule 23(f), district courts should be required to issue decisions implicating class certification when or before they certify a class.

District courts are, for the most part, already required to do so. In *Messner*, this Court held that a district court "must make a conclusive [and explicit] ruling on any challenge" to expert testimony "*before* it may rule on a motion for class certification." 669 F.3d at 812 (emphasis added). Here, the district court did not. There is no dispute that Netz's testimony is "important to an issue decisive for the motion for class

certification." *Id*. Yet the court resolved class certification without making "an explicit *Daubert* ruling" first. *Id*. Had the court followed *Messner*, it would not have created a Rule 23(f) timing problem because a *Daubert* decision is not "an order granting or denying class-action certification" that starts the 14-day appeal clock.

This case illustrates the significance of these timing problems because 23(f) review will likely be warranted on the *Comcast* issue once the district court issues its decision. That decision could simply hold that Netz's damages model is admissible under *Daubert*. But admissibility and certifiability are not the same thing. It would be a significant error of class-action law to say that a model satisfies *Comcast* just because it is admissible. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). District courts must resolve disputes going to the requirements of Rule 23, and the court here had an obligation to find that Netz's model aligned with Plaintiffs' theories of harm. *Messner*, 669 F.3d at 811.

Alternatively, the district court could hold that Netz's model tracks Plaintiffs' theories of harm. But Netz's model assumes that PD has no therapeutic benefits compared to other Hill's foods—and not even Netz thinks that's right. *Supra* at 9.

In addition, Netz's "model does not differentiate between damages due to deceptive versus unfair practices." A-26. The district court held that this error foreclosed certification as to PetSmart. *Id.* Yet it held that the same error did not foreclose certification as to Hill's. Contrary to the court's decision, it does not matter

that "both theories of harm remain as against Hill's." *Id.* The deception and unfairness claims are separate, and Netz's model provides no basis for damages if a jury only finds Hill's liable for unfairness. So, as with PetSmart, that claim cannot proceed.

## CONCLUSION

For all these reasons, 23(f) review should be granted and the certification order reversed.


Dated:    October 13, 2023               O'MELVENY & MYERS LLP

                                         BY: */s/ Hannah Y. Chanoine*
                                              Hannah Y. Chanoine
                                              O'MELVENY & MYERS LLP
                                              Times Square Tower
                                              7 Times Square
                                              New York, NY 10036-6524
                                              Telephone: (212) 326-2000
                                              hchanoine@omm.com

                                              Richard B. Goetz
                                              Jason Zarrow
                                              O'MELVENY & MYERS LLP
                                              400 South Hope Street
                                              18th Floor
                                              Los Angeles, CA 90071
                                              Telephone: (213) 430-6000
                                              rgoetz@omm.com
                                              jzarrow@omm.com

                                              *Counsel for Defendant-Petitioner*
                                              *Hill's Pet Nutrition, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the type volume limitations of Fed. R. App. P. 5(b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,196 words.

This document complies with the typeface requirements of Circuit Rule 32(b) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Palatino Linotype font.

Dated:   October 13, 2023

O'MELVENY & MYERS LLP

By: _/s/ Hannah Y. Chanoine_
    Hannah Y. Chanoine

*Counsel for Defendant-Petitioner*
*Hill's Pet Nutrition, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2023, the foregoing document was filed

through the required email submission to the Clerk of the United States Court of

Appeals for the Seventh Circuit at usca7_clerk@ca7.uscourts.gov, and served upon the

following counsel of record for Plaintiffs-Petitioners via electronic mail pursuant to Fed.

R. App. P. 25:

Ellen M. Carey
Brian P. O'Meara
FORDE & O'MEARA LLP
191 North Wacker Drive, 31st Floor
Chicago, IL  60606
ecarey@fordellp.com
bomerara@fordellp.com

Luke C. Tompkins
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
lctompkins@wardandsmith.com

Michael L. McGlamry
POPE MCGLAMRY, P.C. 3391
Peachtree Road, NE, Suite 300
Atlanta, Georgia 30326
mmcglamry@pmkm.com

By:  */s/ Hannah Y. Chanoine*
Hannah Y. Chanoine

*Counsel for Defendant-Petitioner*
*Hill's Pet Nutrition, Inc.*

# APPENDIX

**TABLE OF CONTENTS TO APPENDIX**

Memorandum Opinion and Order filed September 29, 2023, Doc. 213................... A-1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY BLAINE VANZANT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 17 C 2535 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| HILL'S PET NUTRITION INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons that follow, Plaintiff's Motion for Class Certification [249] is granted in part and denied in part.

## I.     BACKGROUND

Plaintiffs filed a second-amended complaint, in which they assert two claims against Defendant Hill's Pet Nutrition, Inc. ("Hill's") and two claims against Defendant PetSmart, Inc. ("PetSmart").[1] They assert these claims on their own behalf and on behalf of:

> (1) a statewide Class of all similarly situated Illinois residents who purchased Prescription Pet Food from any retailer (including any veterinarian or veterinary clinic) in Illinois (the "Class"); and (2) a statewide subclass of all similarly situated Illinois residents who purchased Prescription Pet Food from PetSmart in stores or online through PetSmart.com, Pet360.com, or any other website operated or controlled by PetSmart (the "PetSmart Subclass").

---

[1] The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff has alleged that there are "hundreds, if not thousands," of class members (2d Am. Compl. ¶ 80) and that the amount in controversy exceeds $5,000,000.00 (2d Am. Compl. ¶ 6). Plaintiffs are citizens of Illinois (Notice of Removal ¶ 13, ECF No. 1), Defendant Hill's is a citizen of Delaware (its State of incorporation) and Kansas (the location of its principal place of business) (2d Am. Compl. ¶ 4), and Defendant PetSmart is a citizen of Delaware (its State of incorporation) and Arizona (the location of its principal place of business) (2d Am. Compl. ¶ 5). Thus, at least one plaintiff is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

A-1

(2d Am. Compl. ¶ 78.) In Count I, Plaintiffs assert a claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") against Hill's, and in Count III, Plaintiffs assert a claim in the alternative against Hill's for restitution/unjust enrichment. In Count II, Plaintiff Vanzant asserts a claim for violation of the ICFA against PetSmart, and in Count IV, Plaintiff Vanzant asserts a claim in the alternative against PetSmart for restitution/unjust enrichment.

At the heart of Plaintiffs claims is the undisputed fact that Defendant Hill's restricts the sale of Prescription Diet ("PD") pet food to those with a prescription from a veterinarian—a requirement that Defendant PetSmart enforces through the use of a "MedCard." Plaintiffs assert deceptive practices claims, which allege that PD is not legally required to be sold by prescription, and so Defendants' representations that PD is required to be sold by prescription are literally false. (2d Am. Compl. ¶ 32.) Plaintiffs further allege that Defendants engaged in deception in the manufacturing, distributing, marketing, advertising, labeling, and/or selling of PD at above-market prices to diagnose, cure, mitigate, treat, or prevent diseases or other conditions, even though PD: (a) does not contain a drug, medicine or other ingredient that is not also common in non-prescription pet food; (b) does not contain a substance medically necessary to the health of the pet for which it was prescribed; and/or (c) is not materially different than non-prescription pet food. (2d Am. Compl. ¶¶ 32-37.)

Plaintiffs also assert unfair practices claims, alleging that Defendants manufactured, marketed, labeled, and/or sold PD at above-market prices to diagnose, cure, mitigate, treat, or prevent diseases in animals without approval as a "new animal drug" pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* ("FD&C Act"), and without being registered and listed as a "drug" with the Food and Drug Administration ("FDA"). (2d Am. Compl. ¶¶ 38-45.) As a result, PD is allegedly adulterated and misbranded under the FD&C Act

A-2

and its introduction into interstate commerce is a prohibited act. (2d Am. Compl. ¶¶ 43, 45.) Per Plaintiffs, reasonable consumers expected, but did not receive, a substance that: (a) is legally required to be sold by prescription; (b) contains a drug, medicine or other ingredient that is not common in non-prescription pet food; (c) is medically necessary to the health of the pet for which it was prescribed; (d) has been evaluated and approved by the FDA as a drug; and/or (e) as to which Hill's representations regarding intended uses and effects have been evaluated by the FDA. (2d Am. Compl. ¶ 59.) Consequently, Plaintiffs Defendants' conduct allegedly offends public policy, is immoral, unethical, oppressive, or unscrupulous, and has caused substantial harm to consumers. (2d Am. Compl. ¶¶ 57-60.)

Plaintiff Vanzant alleges she first purchased Hill's PD c/d Multicare Feline Bladder Health cat food in Illinois for her cat, Tarik, on February 13, 2013. (2d Am. Compl. ¶ 66.) On January 24, 2013, Tarik underwent emergency surgery for bladder stones at Blue Pearl Vet Hospital in Skokie, Illinois. At a follow up appointment on or about February 13, 2013, the veterinarian at Blue Pearl Vet Hospital, Dr. Jean Frazho, wrote a prescription for Hill's PD c/d Multicare Feline Bladder Health cat food for Tarik. (2d Am. Compl. ¶ 63.) That same day, Vanzant went to PetSmart to purchase the prescribed Hill's pet food, and in the process, was required to transfer the prescription from Blue Pearl Vet Hospital to Banfield Pet Hospital, which provided Vanzant with a pet prescription card containing her cat's name, RX # and RX date. (2d Am. Compl. ¶¶ 64-65.) Vanzant continued to purchase the same pet food at PetSmart for approximately the next three years, and each time she was required to show the prescription card she had obtained from Banfield Pet Hospital to the cashier at PetSmart. (2d Am. Compl. ¶ 66.)

Plaintiff Nevius alleges she first purchased Hill's PD i/d Digestive Care dry dog food in Illinois for her dog, Moose, on June 1, 2019. (2d Am. Compl. ¶ 69.) Moose's veterinarian at

3

A-3

Kruger Animal Hospital prescribed Hill's PD i/d Digestive Care dry food for Moose's gastrointestinal issues. Nevius was told by her veterinarian that the PD i/d Digestive Care required a prescription to purchase. (2d Am. Compl. ¶ 68.) Nevius understood the prescription requirement to indicate that the food contained medicine and was subject to the controls associated with prescription drugs. (2d Am. Compl. ¶ 68.) On or about January 3, 2020, Moose's veterinarian at Kruger Animal Hospital prescribed Hill's PD i/d Digestive Care wet food for Moose's gastrointestinal issues, which Nevius purchased and fed to Moose. (2d Am. Compl. ¶ 71.) Plaintiffs allege that they would not have purchased PD absent Defendants' deceptive conduct and unfair practices, including the prescription requirement. (2d Am. Compl. ¶ 76.)

## II.    DISCUSSION

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). "A class action may be maintained if Rule 23(a) is satisfied and" if the case falls within at least one of the categories outlined in Rule 23(b). Fed. R. Civ. P. 23(b); *see also Wal-Mart Stores*, 564 U.S. at 345. Rule 23(a) allows "[o]ne or more members of a class" to "sue or be sued as representative parties on behalf of all class members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) allows class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(c)(1)(A) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).

To support a motion for class certification, a "party seeking class certification must affirmatively demonstrate [her] compliance with the Rule—that is, [s]he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350. Thus, the "party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 433 (7th Cir 2015). A court considering a motion for class certification must engage in "a rigorous analysis" that "will frequently" overlap with the merits, because the considerations "are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (citations omitted).

Plaintiffs seek to certify:

> (1) a statewide Class of all similarly situated Illinois residents who purchased Prescription Pet Food from any retailer (including any veterinarian or veterinary clinic) in Illinois . . . ; and (2) a statewide subclass of all similarly situated Illinois residents who purchased Prescription Pet Food from PetSmart in stores or online through PetSmart.com, Pet360.com, or any other website operated or controlled by PetSmart[.]

(2d Am. Compl. ¶ 78.) Excluded from the definition are: (a) Defendants, their legal representatives, officers, directors, assigns, and successors; (b) Judges to whom this case is

5

assigned and their staffs; (c) the attorneys involved in this matter; and (d) all persons or entities that purchased PD pet food for resale. (2d Am. Compl. ¶ 79.)

### 1. Numerosity

"The crux of the numerosity requirement is not the number of interested persons per se, but the practicality of their joinder into a single suit." *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996). Here, Plaintiffs allege that there are "hundreds, if not thousands," of class members (2d Am. Compl. ¶ 80) and has submitted sales data showing that there were thousands of PD purchasers throughout Illinois during the class period. Defendants do not contest numerosity. Accordingly, the Court concludes that joinder would be impracticable and the numerosity requirement is met.

### 2. Typicality, Adequacy, and Standing

Rule 23(a)'s requirement that "the representative parties will fairly and adequately protect the interests of the class," has two components: the adequacy of the named plaintiffs and the adequacy of proposed class counsel. *See Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (citations omitted). The adequacy of proposed class counsel has not been challenged.

Hill's argues that the named Plaintiffs are inadequate and atypical because they lack standing to sue regarding the dozens of PD products that they never purchased. Article III limits federal court jurisdiction to cases or controversies in which the plaintiff has suffered an injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.").

6

The complaint alleges that Vanzant and Nevius purchased only two PD foods: c/d Multicare Feline and i/d Canine. Hill's points to cases finding that class action plaintiffs lack standing to sue where they have no injury-in-fact caused by products that they did not buy, particularly where "the purchased products [had] different formulations than the unpurchased products." *Flaherty v. Clinique Labs. LLC*, 2021 WL 5299773, at *3-5 (N.D. Ill. Nov. 15, 2021) (plaintiff lacked standing for unpurchased products); *see also Bakopoulos v. Mars Petcare US, Inc.*, 2021 WL 2915215, at *3 (N.D. Ill. July 12, 2021); *Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 823 (N.D. Ill. 2021). Hill's contends that Plaintiffs are also atypical and inadequate because the "products they purchased varied widely" and those "differences in the products affected" the conduct at issue. *Smith-Brown v. Ulta Beauty, Inc.*, 335 F.R.D. 521, 528-30 (N.D. Ill. 2020).

Plaintiffs contend that Hill's approach to standing is only adopted by a minority of courts and that the majority allows a plaintiff to bring claims and represent other purchasers when the purchased products are "substantially similar" to the other products. *See, e.g.*, *Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *6 (N.D. Ill. Aug. 18, 2017) ("[T]he majority of courts that have considered the issue hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar.'" (citations omitted) (cleaned up)).

There appear to be a split between courts in this district considering this issue. This Court is persuaded in this case to consider whether the purchased products are "substantially similar" to the other PD products. Substantial similarity is determined via "context-specific analysis," evaluating whether the products are "of the same kind," made from "largely the same

ingredients," and bear "the same alleged mislabeling," looking at both physical similarities and the misrepresentations' similarities. *Id*. at *6. In this case, all of the products are Hill's PD pet food; all are marketed and sold as therapeutic despite not being evaluated or approved by the FDA (and so all are allegedly adulterated and mislabeled pursuant to the FD&C Act); all are named and labelled "Prescription Diet" (an alleged misrepresentation); and all are subject to a uniform prescription requirement that allegedly misleads purchasers because it indicates that the prescription is legally required, and that PD contains a drug or medicine. The differences in formula, intended benefits, and individual bases for veterinarian authorizations "are irrelevant because the Products are all alike with respect to the 'specific component' that is the subject of plaintiff's claims[.]" *Id*; *see also Mednick v. Precor, Inc.*, No. 14 C 3624, 2014 WL 6474915, at *3 (N.D. Ill. Nov. 13, 2014) ("Where product composition is less important, the cases turn on whether the alleged misrepresentations are sufficiently similar across product lines."). The Court finds that Plaintiffs have standing to bring claims with respect to all PD products. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 (9th Cir. 2020) ("Last, Defendants argue that Plaintiffs do not have standing to enjoin all of Defendant Manufacturers' prescription pet food products because Plaintiffs have not purchased every single type of prescription pet food available from Hill's or Mars. This does not constitute a basis for dismissal because Plaintiffs' challenge to prescription pet foods is to the common scheme of the prescription requirement and prescription-based advertising.").

Next, each Defendant challenges the adequacy of the named Plaintiffs in this case (PetSmart challenges only Vanzant) because they continued to purchase PD or prescription pet food after becoming aware that it did not contain medicine. Hill's also contends that typicality is not met for the same reason.

8

A-8

"The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (citations and internal quotation marks omitted). Although "[i]n many cases . . . the requirement of typicality merges with the further requirement that the class representative will fairly and adequately protect the interests of the class[,] . . . typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members[.]" *Id*. at 724-25 (citation and internal quotation marks omitted).

Typicality is satisfied when a plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Here, Plaintiffs' deceptive practices claims all arise from Hill's' allegedly misleading prescription requirement and PetSmart's use of the MedCard. Plaintiffs' unfair practices claims arise from Defendants' marketing, labeling, and selling of adulterated and misbranded products under the FD&C Act. Accordingly, typicality is satisfied.

Adequacy is the proper rubric for considering particularized defenses. *CE Design Ltd.*, 637 F.3d 721 at 725. To determine the adequacy of a class representative, the Court considers whether each of the named Plaintiffs are "subject to a substantial defense unique to [her.]" *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018).

### a. Vanzant

Vanzant brings claims against Hill's and PetSmart, respectively. Hill's and PetSmart both argue that Vanzant is atypical of the proposed class and subclass because she continued to buy PD after learning that it does not contain drugs or medicine.

Vanzant purchased c/d in January 2013 for her cat, Tarik, and fed it to him for nearly three years until she learned in early 2016 that it did not contain medicine. (Vanzant Tr. 104:10-12, 122:9-16, 152:14-154:23, 161:1-10, 167-68, ECF No. 252-2.) She later bought PD k/d for her cat, Diablo, in February 2017 (*id*. at 204:21-206:12), PD k/d for Diablo in September and October 2017 (*id*. at 224:4-225:18), and PD a/d for Tarik in December 2019 (*id*. at 185:5-187:16). At the time Vanzant purchased PD k/d at the end of 2017, she knew that it did not contain medicine and that the FDA did not regulate it. (*Id*. at 224:19-24.) Vanzant testified that she made the late 2017 and 2019 purchases in a desperate attempt to save each cat's life when they were near death. (*Id*. at 225, 274.) Both cats died shortly after the purchases. (*Id*.)

Vanzant's deceptive practices claim centers on her testimony that Hill's prescription requirement, enforced by PetSmart, misled her into believing that PD pet food contains medicine. This claim "requires proof of materiality and proximate cause." *Al Haj v. Pfizer Inc.*, No. 17 C 6730, 2020 WL 1330367, at *2 (N.D. Ill. Mar. 23, 2020); *see also infra.* "A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." *Connick v. Suzuki Motor Co.* 675 N.E.2d 584, 595 (1996).

Vanzant is subject to particular defenses as to her deceptive practices claim that prevent her from being an adequate class representative. In response to Defendants' argument, Plaintiffs point to testimony that in early 2016, Vanzant did not learn that *all* PD products do not contain

medicine. Rather, she learned only that the specific PD c/d product she had been buying for Tarik did not contain medicine, (*id*. at 167-168), and when she bought PD k/d products for Diablo in February 2017, she did not know at the time whether k/d contained medicine. (*Id*. at 194-96.) But this argument only undermines the theory of materiality and causation at the heart of Plaintiffs' deceptive practices claims: namely, that it is the prescription requirement, universally applied to all PD products, that misleads a reasonable consumer into believing that PD products contain medicine and that a purchaser would have acted differently (*i.e.*, not purchased the product) knowing the truth.

Plaintiffs next point out that when Vanzant bought two PD products after filing this lawsuit, she did so in desperation and that both cats died shortly after the purchases. Plaintiffs argue that this does not mean she was not deceived by Defendants' misrepresentations and omissions when she purchased c/d for Tarik from 2013 to 2016. That may be so, but Plaintiffs do not address how Vanzant's 2019 purchases have the potential to substantially undermine the materiality and causation elements of her claims.

Plaintiffs argument that proximate cause is an individual question in all ICFA cases does not move the needle. In determining the adequacy of a named plaintiff, the concern with a defense peculiar to the named plaintiff is that she "would have to devote substantial attention to overcoming her deposition testimony, and if she failed to do so, she would sink each absent member's claims even though they might have prevailed had a class representative without [the named plaintiff's] baggage been carrying the torch." *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 460 (N.D. Ill. 2013) (citations omitted). Here, a jury easily could find that Vanzant has not proved materiality or causation on her deceptive practices claim. That obstacle to Vanzant's success would not apply to class members who would not have bought PD had they known that

11

A-11

it did not contain medicine. For these reasons, Vanzant is subject to particular defenses that prevent her from being an adequate class representative with respect to the deceptive practices claims. Vanzant's deceptive practices claims will proceed as an individual action.

Vanzant is, however, an adequate class representative for the unfair practices claim. Plaintiffs' theory of liability as to unfair practices appears to continue to shift. As pled in the complaint, Plaintiffs allege at least in part that PD products are not as promised because they do not contain a drug or medicine. (2d Am. Compl. ¶¶ 59-62.) As argued in the class certification briefing, however, Plaintiffs' unfair practices claims now appear to focus only on the allegation that Defendants' marketing, labeling, and selling of PD products for the diagnosis, cure, mitigation, treatment, or prevention of disease brings it within the definition of a "drug" and "new animal drug" that requires FDA or FD&C Act approval, and without that approval it is statutorily "unsafe," "adulterated," and "misbranded," and so selling PD products offends public policy, is immoral, unethical, oppressive, or unscrupulous, and has caused substantial harm to consumers. (*See, e.g.*, Pls. Mem. 1-2, 13-14.)[2] The Court understands that Plaintiffs do not base their unfair practices claims on a theory of deception.

Plaintiffs argue that Vanzant testified that she purchased PD after this lawsuit was filed as therapeutic products in a desperate attempt to save her cats lives, which goes to the heart of Plaintiffs' unfair practices claims. The fact that Vanzant knew PD did not contain medicine yet purchased it anyway does not substantially undermine her theory of liability in the same manner as her deceptive practices claim. As for the fact that Vanzant knew PD products were not FDA approved, Plaintiffs point out that this does not indicate that Vanzant knew that PD products are

---

[2] The Court cites herein to Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification (ECF Nos. 250, 252) as "Pls. Mem."

unsafe, adulterated, and misbranded in the absence of FDA approval. Accordingly, the Court

finds that Vanzant is not subject to a substantial defense that prevents her from being an adequate

class representative with respect to the unfair practices claims.

### b. Nevius

Nevius purchased i/d for her dog, Moose, in June 2019 (Nevius Tr. 117:23-118:2, ECF

No. 252-2), and fed it to him for a month before switching to a Royal Canin therapeutic pet food

in July 2019 (*id*. at 126:3-127:23). Nevius testified that knew after looking at the label and

ingredient list that there was no medication in the PD pet food she purchased, but she did not

recall exactly when she discovered that. (*Id*. at 157:3-159:20.) After switching to a Royal Canin

prescription product, she testified that she continued purchasing Royal Canin after learning that

there was no medication in it "because it was working." (*Id*. at 157:13-18.) However, she then

immediately testified, "I don't remember exactly when I discovered that. . . but I did purchase

Royal Canin for prescription dog food at the recommendation of Dr. Bleem for approximately a

year because I was under the assumption that it did have medication in it because it requires a

prescription from your veterinarian." (*Id*. at 157:19-158:4.) She then testified that she could not

"say for sure" if she continued purchasing Royal Canin after being told it was not FDA approved

and contained no medicine by her pet insurance company. (*Id*. at 158:10-20.)

The Court finds that Nevius' testimony does not indicates a "substantial" defense unique

to her. There is no evidence that Nevius continued purchasing the PD products at issue in this

case after learning of Defendants' alleged unlawful conduct. While her subsequent purchase of

Royal Canin prescription pet food may be relevant to materiality and causation, the Court cannot

say that a jury could "easily find" that she has not proved materiality or causation as to PD based

13

A-13

on these facts. *Cf. Lipton*, 289 F.R.D. at 460. Accordingly, Nevius is an adequate class

representative.

### 3. Commonality and Predominance

Next, the Court considers whether Plaintiffs have shown the existence of one or more

common issues and whether such common questions will predominate over individual questions.

The Supreme Court has described what makes an issue common:

> Commonality requires the plaintiff to demonstrate that the class members 'have
> suffered the same injury. This does not mean merely that they have all suffered a
> violation of the same provision of law. . . . Their claims must depend upon a
> common contention[.] . . . That common contention, moreover, must be of such a
> nature that it is capable of classwide resolution—which means that determination
> of its truth or falsity will resolve an issue that is central to the validity of each one
> of the claims in one stroke.

*Wal-Mart*, 564 U.S. at 349-50 (citations omitted). In describing the difference between common

and individual questions, the Supreme Court has explained:

> An individual question is one where 'members of a proposed class will need to
> present evidence that varies from member to member,' while a common question
> is one where 'the same evidence will suffice for each member to make a prima
> facie showing [or] the issue is susceptible to generalized, class-wide proof.'

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted); *see also Messner*

*v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) ("If, to make a prima facie

showing on a given question, the members of a proposed class will need to present evidence that

varies from member to member, then it is an individual question." (quoting *Blades v. Monsanto*

*Co.*, 400 F.3d 562, 566 (8th Cir. 2005))).

To be suitable for class action treatment, a case must not only involve common questions

(Fed. R. Civ. P. 23(a)(2)), but those common questions must predominate (Fed. R. Civ. P. 23(b)).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently

cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521

U.S. 591, 623 (1997). Rule 23(b)(3)'s "predominance criterion is far more demanding" than "Rule 23(a)'s commonality requirement[.]" *Amchem*, 521 U.S. at 623-34. "Analysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action.'" *Messner*, 669 F.3d at 815 (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011)).

"To prevail on a claim under the ICFA, 'a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages.'" *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019)). Where, as here, the plaintiff alleges conduct that is both deceptive and unfair, the court considers both possibilities.

The elements of Plaintiffs' claims for deceptive practices are (1) a deceptive act or practice by Defendants, (2) that the deceptive act or practice occurred in the course of conduct involving trade or commerce, (3) that Defendants intended that Plaintiffs rely on the deception, and (4) that the deception caused Plaintiffs actual damages. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "[A] practice is deceptive 'if it creates a likelihood of deception or has the capacity to deceive.'" *Benson*, 944 F.3d at 646 (citation omitted). "To determine the likelihood of deception, courts apply a 'reasonable consumer' standard." *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 704-05 (N.D. Ill. 2020) (citing *Benson*, 944 F.3d at 646). Courts considering "deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020).

Next, "[t]o determine whether a practice is unfair, Illinois courts consider three factors: whether it 'offends public policy'; is 'immoral, unethical, oppressive, or unscrupulous'; or 'causes substantial injury to consumers.'" *Vanzant*, 934 F.3d at 738-39 (quoting *Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 830 (7th Cir. 2014)). "A plaintiff need not satisfy all three factors; a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* (citation omitted) (cleaned up). Under either theory of the case, Plaintiffs must show causation, or that "but for the defendant's deceptive or unfair conduct, [they] would not have been damaged." *Vanzant*, 934 F.3d at 739.

Plaintiffs argue that they have suffered the same injury: overpayment for PD pet food based on Defendants' deceptive and unfair practices. They contend that common questions central to their, and the putative classes', claims include:

1) Whether Defendants have engaged in deceptive practices by marketing and selling "Prescription Diet" labeled products pursuant to the prescription requirement and without disclosing that the products are not legally required to be sold by prescription and do not contain medicine.

2) Whether Defendants' representations and omissions regarding PD products were literally false or likely to deceive a reasonable consumer in a material way.

3) Whether Defendants' marketing and sale of PD products as therapeutic products intended for use in the diagnosis, treatment, mitigation, cure, and prevention of diseases in pets violates public policy (by violating the FD&C Act), is unethical or unscrupulous, and/or causes substantial harm to consumers and thus, is unfair.

16

A-16

4) Whether Defendants intended consumers to rely on the veterinary prescription's implications and their marketing of PD products as therapeutic products and purchase costly food to treat their sick pets.

"Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). Here, Hill's imposes a blanket prescription requirement before all putative class members could purchase PD products—all of which are labeled with the name "Prescription Diet." PetSmart complied with that prescription requirement through its use of the MedCard. The same objective legal standards govern every class member's claim. *Supra*. Accordingly, the Court agrees with Plaintiffs that there are questions "common to the claims of all putative class members." *Id*. at 755 ("[T]he court failed to recognize the question common to the claims of all putative class members: whether the GSC packaging was likely to mislead a reasonable consumer.").

The thornier issue is whether the common questions predominate. Defendants contend that they do not for a variety of reasons. The Court addresses each in turn.

### a. Deceptive Practices

Because Vanzant's deceptive practices claims will proceed as an individual action, the Court considers only Nevius' deceptive practices claim against Hill's (Nevius does not assert such a claim against PetSmart).

Hill's first argues that the same prescription requirement[3] that underpins Nevius' theory of deception also precludes class certification because consumers receive different information

---

[3] Hill's uses the term "authorization" rather than "prescription," although Plaintiffs submit evidence that Hill's uses those two terms interchangeably. In this Opinion, the Court typically uses the Plaintiffs' term "prescription."

17

A-17

before purchasing PD—from their veterinarian in individualized discussions about their pets'
health, from the label, which they may or may not read, and from their own knowledge.
According to Hill's, it is therefore "impossible" to fix liability "[w]ithout determining what each
member heard, saw, or knew," which unavoidably "requires an individual analysis of the extent
to which [Hill's] marketing played a role in each class member's decision to purchase" PD. *See
Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575, 586 (N.D. Ill. 2005), *aff'd sub nom. Oshana
v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). Hill's also relies upon *Thorogood v. Sears,
Roebuck & Co.*, 547 F.3d 742 (7th Cir. 2008), in which the Seventh Circuit decertified a class
where evaluation of the class members' claims would have required individual hearings as "to
what he understands to be the meaning of a label or advertisement that identifies a clothes dryer
as containing a stainless steel drum." *Thorogood*, 547 F.3d at 747.

Nevius responds that every consumer fraud case involves individual elements of reliance
or causation, which do not preclude certification where (as here) the putative class members'
subjective understanding is simpler than the class-wide issues. Nevius relies heavily upon
*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014), in which the Seventh Circuit found
in part that to the extent the district court "thought that no class can be certified until proof exists
that every member has been harmed, it was wrong." *Id*. at 757 (listing cases). The Seventh
Circuit draws a "distinction between class members who *were not* harmed and those who *could
not* have been harmed." *Id*. at 758 (emphasis original) (citation and internal punctuation omitted).
Courts have denied certification in the latter circumstance. *Id*. In the former circumstance,
however, if purchasers were exposed to allegedly deceptive practices and could have been
injured by it, it is "not a legitimate basis for denying certification" if it "turns out later that a few
were not." *Id*.

Here, the prescription requirement applied to all PD purchasers, and all PD products were labeled "Prescription Diet," and so all putative class members were exposed to the allegedly deceptive practices and could have been injured by it. Even if it turns out that "very few members of the class were harmed, that is an argument not for refusing to certify the class but for certifying it and then entering a judgment that would largely exonerate" the defendant. *Id.* (citations and internal punctuation omitted).

*Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520 (N.D. Ill. 1998) is distinguishable. There, the district court denied certification to a proposed class of individuals who purchased prescription nasal spray and asserted ICFA claims that the spray was deceptively marketed as safe. The court found that the "role of the prescribing physician" was "central" to the plaintiffs' claims about "product warnings, claimed misrepresentations, and proximate causation," and that because a doctor's advice necessarily alters the information presented to each individual consumer, there were "highly individualistic factual determinations" that "preclude certification." *Dhamer*, 183 F.R.D. at 532. Here, in contrast, the prescription requirement itself is the deceptive act.

All of this is not to say that a plaintiff can prevail under the ICFA on a theory of deception that is "idiosyncratic or possibly unique." *Suchanek*, 764 F.3d at 758; *see also Thorogood*, 547 F.3d at 747 (no evidence that anyone in 500,000 person class other than Thorogood believed the allegations); *Oshana*, 472 F.3d at 514 (Oshana appeared to be the only person in million-plus class that believed defendant deceived consumers by using different formulae in fountain and bottled soda products). That is not the situation here, where Nevius proffers evidence—in the form of expert Dr. Rebbecca Reed-Arthurs' survey—that between 22 and 46% of actual or likely PD purchasers believe that PD products contain a drug or medicine

19

A-19

based on the prescription requirement and labeling. (Pls. Mem. 5.) Nevius testified that she too believed that the PD products she purchased contained medicine based on the prescription requirement and/or labelling. (*Id*. at 3.)

Hill's contends, however, that Nevius' testimony otherwise does not support her theory of deception. Specifically, Hill's points out that Nevius did not review the packaging or label before purchasing PD and contends that if she had, she would have seen from the ingredient list that PD does not contain medicine. (Hill's Opp'n 9.)[4] The Court fails to see how this undermines Nevius' theory of deception, which requires applying a 'reasonable consumer' standard" *Geske, supra*, and "tak[ing] into account all the information available to consumers and the context in which that information is provided and used." *Bell*, *supra*. "Many reasonable consumers do not instinctively parse every front label or read every back label before placing groceries in their carts." *Id*.

Hill's also takes issue with Reed-Arthurs' survey, which Hill's contends did not test the theory of deception that Nevius is pursuing because it eliminated the one thing every PD purchaser must do: talk to their veterinarian. But that argument fails for the reasons explained above—the inquiry into whether a purchaser talked to their veterinarian might only reveal that the purchaser was not in fact harmed (*i.e.*, because he or she learned that PD pet food did not contain medicine), not that that the purchaser *could not* have been harmed. *Suchanek*, 764 F.3d at 758. Such an argument is not a basis for denying class certification. *Id*. Hill's also filed a motion to exclude Reed-Arthurs' opinions and testimony (ECF No. 273), which the Court denies for the reasons set forth in a forthcoming separate opinion.

---

[4] The Court cites herein to Defendant Hill's Pet Nutrition, Inc.'s Opposition to Plaintiffs' Motion for Class Certification (ECF No. 272) as "Hill's Opp'n."

Hill's submits a competing survey by its expert, Sarah Butler, showing that only 1% of survey respondents assumed PD pet food contains medication after viewing the label, and only .5% of actual PD purchasers believed PD contained drugs or medicine when they first purchased it. (Hill's Opp'n 15-16.) Nevius responds that Butler's survey failed to tell respondents that a prescription was required in the first place and so it was not surprising that the disclaimers had little to no impact on potential purchasers who were not exposed to the key wrongful conduct. Plaintiffs filed a *Daubert* motion to partially exclude Butler's testimony (ECF No. 292), which the Court denies for the reasons set forth in a forthcoming separate opinion. Regardless, the Court does not find that Butler's survey results defeat certification; the PD label is one factor for consideration in applying the objective "reasonable consumer" standard.

For these reasons, individual issues as to deception do not predominate.

### i.    Causation and Materiality

Hill's next argues that Nevius proffers no common evidence, such as a study, that the alleged deception was material to the proposed class. Hill's relies on *Ryan v. Wersei Elec. GmbH & Co.*, 59 F.3d 52, 54 (7th Cir. 1995) for the proposition that Nevius must demonstrate that "the misrepresented fact must be essential to the transaction between the parties" to be material under Illinois law. Hill's points to Nevius' testimony that she bought PD because her veterinarian recommended it (Hill's Opp'n 17) and attempts to draw a distinction between the effects of the veterinarian's nutritional recommendation for a specific pet on consumers' purchasing decisions and the effects of the veterinarian's gatekeeping role (the allegedly deceptive practice). (*Id.* at 18.) Consumers could not buy PD simply because they want food that is prescription only—a veterinarian must make a determination, based on his or her clinical judgment and ethical obligations, that a specific therapeutic food will help the pet patient. (*Id.* at 17-18.) According to

21

Hills, consumers buy PD because of the veterinarian's recommendation, not the gatekeeping prescription requirement.

Nevius responds that the materiality standard later articulated by the Illinois Supreme Court in *Connick v. Suzuki Motor Co.* applies: "[a] material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." 675 N.E.2d 584, 595 (1996). The Court agrees. *See Hartmarx Corp. v. JBA Int'l, Inc.*, No. 99 C 4874, 2002 WL 406973, at *7 (N.D. Ill. Mar. 15, 2002) (rejecting *Ryan's* "essential to the transaction" materiality formulation in favor of *Connick's*). Thus there is an "objective component to the inquiry, i.e., ascertain what information would be relevant to a typical buyer." *Id.*

Nevius contends that evidence of materiality in the form of consumer surveys or market research is needed only where the marketing "is not clearly misleading on its face and materiality is in doubt." *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 976 (7th Cir. 2020). She argues that the prescription requirement and name "Prescription Diet" are literally false and misleading on their face and that the materiality of Hill's prescription requirement is not in doubt. *See Moore*, 966 F.3d at 1021 ("The misrepresentation of prescription pet food as medicine or FDA-controlled can be a material fact for a reasonable consumer—particularly for a pet owner who is dealing with possibly a sick or unhealthy pet. In other words, it is reasonable for a consumer to rely on the prescription requirement and labeling in her purchasing decision for an ailing pet."); FTC's Statement on Deception dated October 14, 1983, Pls. Ex. 33 at 5 (presuming materiality of claims or omissions that "significantly involve health, safety, or other areas with which the reasonable consumer would be concerned"). Nevius also points to Hill's market research, which she contends provides classwide evidence that the prescription requirement is material to

22

consumers' decisions to purchase PD products. (Pls.' Reply to Hill's Opp'n 6.)[5] And, according to Plaintiffs, Hill's prescription requirement (the so-called gatekeeping role) cannot be separated from the veterinarian's recommendation.

The Court finds that Nevius carries her burden of showing that the materiality of Hill's alleged misrepresentations and omissions involves questions common to all members of the class and is capable of classwide proof. *See Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) ("While Connecticut Retirement certainly must prove materiality to prevail on the merits, we hold that such proof is not a prerequisite to class certification. Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class. Because materiality is judged according to an objective standard, the materiality of Amgen's alleged misrepresentations and omissions is a question common to all members of the class Connecticut Retirement would represent." (emphasis original)).

### ii. Damages

Hill's next argues that Nevius cannot certify a class because her damages model does not match her theory of liability, and so individual damage calculations will predominate. *See Comcast*, 569 U.S. at 34-38 ("[A] model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory."); *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1086 (7th Cir. 2014) ("A district judge may not refuse to entertain arguments against respondents' damages model that bore on the propriety of class certification, simply

---

[5] The Court cites herein to Plaintiffs' Reply Supporting Their Motion for Class Certification As To Defendant Hill's Pet Nutrition, Inc. (ECF No. 295) as "Pls.' Reply to Hill's Opp'n."

because those arguments would also be pertinent to the merits determination." (citation omitted) (cleaned up)).

"The first step in a damages study is the translation of the *legal theory of the harmful event* into an analysis of the economic impact *of that event*." *Comcast*, 569 U.S. at 38 (emphasis original) (citation and internal quotation marks omitted). Nevius claims in relevant part that consumers overpaid for PD because of the prescription requirement and the alleged misrepresentation that PD contains medicine. Plaintiffs' damages expert, Janet Netz, purports to evaluate whether the alleged deceptive conduct and the alleged unfair conduct resulted in an economic impact to PD purchasers. She concluded that classwide evidence demonstrates that Hill's deceptive conduct and unfair conduct resulted in higher prices for PD products. She utilized a benchmark analysis to calculate the amount the class overpaid for Hill's PD products as a result of Hill's deceptive and unfair conduct. (Pls.' Ex. 28 at 20-33; Pls.' Ex. 29 at 12-28.) Netz calculates classwide damages to be approximately $80.7 million.

The parties agree, at a high level, that Netz's benchmark methodology is generally accepted. Hill's argues, however, that there are several flaws with the way that Netz implemented her methodology that result in a disconnect between her model and Plaintiffs' theory of liability and that render Netz's opinion unreliable. All of the arguments that Hill's raises are also raised in its Motion to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz (ECF No. 274), which the Court denies for the reasons set forth in a forthcoming separate opinion. Accordingly, the Court finds that Nevius has sufficiently shown that damages are capable of classwide proof.

### b. Unfair Practices

Defendants each make various arguments that common questions do not predominate on Plaintiffs' unfair practices claims. To reiterate, "[t]o determine whether a practice is unfair, Illinois courts consider three factors: whether it 'offends public policy'; is 'immoral, unethical, oppressive, or unscrupulous'; or 'causes substantial injury to consumers.'" *Vanzant*, 934 F.3d at 738-39 (quoting *Batson*, 746 F.3d at 830). "A plaintiff need not satisfy all three factors; a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* (citation omitted) (cleaned up). Plaintiffs must show that "but for the defendant's . . . unfair conduct, [they] would not have been damaged." *Id.* at 739. Because the Court finds that individual damages calculations will overwhelm questions common to the subclass against PetSmart, the Court starts there.

Hill's argues that Plaintiffs' unfair practices claim cannot be certified as a class because in Netz's damages model, her but-for world is premised on removing Defendants' alleged deceptive practices, but Plaintiffs' unfair practices claim does not turn on proof of deceptive practices. Hill's also argues that Plaintiffs cannot articulate where the allegedly deceptive practices ends and the unfair conduct begins. Hill's argues that this means Netz's damages model cannot support class certification. *See Comcast*, 569 U.S. at 36-38.

Netz's but-for world is premised on removing Hill's prescription requirement (the allegedly deceptive practices) and marketing of PD products as therapeutic, including to veterinarians (the allegedly unfair conduct). (Pls.' Reply to Hill's Opp'n 11.) Under either or both theories of liability, PD products would be marketed and sold as non-therapeutic wellness products. (*Id.*) Her damages model is thus tied to Plaintiffs' two theories of harm. In *Comcast*, the Supreme Court specifically noted that a model calculating damages resulting from four

(related) theories of harm "might have been sound, and might have produced commonality of damages, if all four of those alleged [theories] remained in the case." *Comcast*, 569 U.S. at 37. But because only one theory of harm survived, such a model provided no assurance that damages resulting from that particular theory of harm were capable of measurement on a classwide basis. *Id*. In the absence of such an assurance, questions of individual damage calculations would inevitably overwhelm common questions. *Id*. at 34. Here, however, both theories of harm remain as against Hill's and so the concerns present in *Comcast* are not at issue.

The circumstances as to PetSmart, however, materially differ. For the reasons explained above, Vanzant is inadequate as a named plaintiff on her deceptive practices claim and so that claim will proceed individually. Nevius does not assert a deceptive practices claim against PetSmart. Consequently, only Vanzant's unfair practices claim against PetSmart remains to be considered for class certification. Because Netz's damages model does not differentiate between damages due to deceptive versus unfair practices, her model falls short of establishing that damages based on PetSmart's unfair practices are capable of measurement on a classwide basis. *See id*. Questions of individual damage calculations will inevitably overwhelm questions common to the class. *Id*. Class certification as to Vanzant's unfair practices claim against PetSmart is therefore denied. The Court declines to address PetSmart's various other arguments against class certification.

The Court proceeds to consider Hill's additional arguments that Plaintiffs have failed to generate common evidence of unfair practices. Hill's argues that Plaintiffs have no common proof that the alleged overpayment was unavoidable, which it contends is required to show oppressive conduct and requires individualized proof. *Batson*, 746 F.3d at 833 ("The relevant inquiry here is whether a defendant's conduct is so oppressive as to leave the consumer with

little alternative except to submit to it[.]" (citation and internal punctuation omitted)); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 936 (7th Cir. 2010) (finding plaintiff's testimony that he purchased gasoline from non-defendants undermined his claim that he had no meaningful opportunity to avoid paying the higher retail price and whether a class member could have avoided the defendants' conduct was an individualized question of fact).

Plaintiffs contend that they need not prove that Hill's practice is oppressive because there is common evidence that it is unethical and unscrupulous. In *Batson*, there was no consideration whether the defendant's conduct was "immoral, unethical . . . or unscrupulous." *Id*. Rather, the court considered the relevant inquiry to be whether the defendant's conduct was "oppressive." *Id*. "Whether a defendant's conduct is unfair under the ICFA is determined on a case-by-case basis." *Minter v. Diamond*, No. 15 C 4323, 2017 WL 1862639, at *7 (N.D. Ill. May 9, 2017). Here, Plaintiffs argue that the term "[e]thical is defined as conforming to accepted professional standards of conduct[,] . . . and scrupulous is defined as having moral integrity; acting in strict regard for what is considered right or proper." *Id*. (citations omitted) (cleaned up).

Plaintiffs point to evidence that Hill's knows the FDA has determined that therapeutic pet food products, which would include PD, meet the statutory definition of a drug and that absent FDA-approval, PD products are unsafe under the law and that the marketing and sale of these products is prohibited. (Pls.' Reply to Hill's Opp'n 18.) Plaintiffs point to evidence that Hill's markets PD products to veterinarians as therapeutic products intended for specific uses so that veterinarians will prescribe them to consumers for their sick pets for those purposes, and that Hill's own market research shows that its use of "Prescription Diet," "veterinary exclusive," "clinical nutrition," "therapeutic," and "medical/clinical food" conveys medical and clinical treatment messages. (*Id*.) Plaintiffs point to evidence that they contend shows that Hill's does so

because veterinary prescriptions are a top driver of sales for PD products and because it can and does command a higher price for PD products. (*Id.*) Plaintiffs argue that pets are valued family members and, in caring for a sick pet, vulnerable pet "parents" reasonably gravitate toward a therapeutic product recommended to treat a consumer's sick pet. (*Id.*) The Court finds that Plaintiffs have shown that the inquiry into whether Hill's conduct was unethical or unscrupulous is capable of resolution on classwide proof.

Plaintiffs also argue that Hill's marketing and sale of PD products violates the public policy underlying the FD&C Act[6] to protect animal and public health by making sure that a drug is safe and effective for its intended use and is properly manufactured and labeled. *See* United States Food and Drug Administration, Unapproved Animal Drugs, available at https://www.fda.gov/animal-veterinary/compliance-enforcement/unapproved-animal-drugs, accessed September 27, 2023. Plaintiffs point to FDA guidance, which states that therapeutic pet food can be regulated as a drug. (Pls.' Reply to Hill's Opp'n 16.) Plaintiffs argue that PD products are also "new animal drugs" under the FD&C Act. Under the FD&C Act, "new animal drugs" are "unsafe" unless they have been approved, conditionally approved, or index listed by the FDA as new animal drugs, 21 U.S.C. § 360b, none of which applies to PD products. As the argument goes, because the FDA has not had the opportunity to evaluate whether PD products are safe and effective for their intended uses or whether they are properly manufactured and labeled, the legislature has determined that these products are unsafe. Plaintiffs further argue that because PD products are also adulterated and misbranded under the FD&C Act, the marketing

---

[6] The Court need not decide in deciding class certification whether Plaintiffs adequately pled a similar claim under Illinois' FD&C Act.

and sale of these products is prohibited. By marketing and selling unsafe, adulterated, and misbranded products, Hill's purportedly violates the public policy underlying the FD&C Act.

Hill's argues that individual issues predominate because each PD product differs in, among other things, its marketing claims, labeling, targeted health condition, formulation, and substantiation. It contends that a factfinder would need to conduct an individual review of the more than 40 different PD foods to determine on a product-by-product basis whether each food is a drug under the FD&C Act. Plaintiffs, however, contend that there is no need for a product-by-product review because expert testimony and Hill's own documents demonstrate that Hill's markets every PD product as a therapeutic product intended for use in disease treatment to veterinarians and to consumers. (Pls.' Reply to Hill's Opp'n 16.) The Court finds that Plaintiffs have shown that the inquiry into whether Hill's conduct offends public policy is capable of resolution on classwide proof. Because Plaintiffs need not prove all three factors to establish unfair conduct, the Court need not consider Hill's arguments regarding substantial injury.

Hill's also argues that Plaintiffs cannot prove causation with common evidence. Hill's relies on *Anthony v. Country Life Mfg., LLC.*, 70 F. App'x 379, 383 (7th Cir. 2003), in which the Seventh Circuit found that the plaintiff failed to allege that the "unfair practice" (the presence of two ingredients in nutritional bars that were not approved by the FDA for use as "food additives," but were approved for sale as nutritional supplements) proximately caused an injury. Specifically, the plaintiff did not claim she was physically harmed by eating the nutritional bars. *Id*. Although the plaintiff alleged economic injury, the court found that because the two substances were listed on the ingredients label and because the plaintiff consumed the products, she received exactly what she paid for and therefore did not suffer an economic injury. *Id*. This case is distinguishable from *Anthony* for multiple reasons, including because that case applied

29

A-29

the different standard applicable to a 12(b)(6) motion to dismiss and because the ingredients at issue were approved by the FDA for sale as nutritional supplements. *Anthony*, 70 F. App'x at 383.

Here, Plaintiffs allege economic harm (higher prices) that resulted from Hill's unfair practices (marketing and selling PD products to vulnerable pet parents, including through veterinarians, as therapeutic when the products were allegedly "unsafe," "adulterated," and "misbranded" pursuant to the FDA and FD&C Act). Plaintiffs point to evidence in the form of Hill's corporate representative's testimony and Netz's expert testimony comparing PD pricing to other Hill's veterinarian recommended but non-therapeutic products to show that consumers' perception of therapeutic value drives PD's premium pricing. (*See* Pls.' Reply to Hill's Opp'n 18.)

Plaintiffs also argue that common evidence demonstrates that Hill's marketing of PD as therapeutic products not only resulted in higher prices but also caused veterinarians to prescribe PD products to for consumers' sick pets, which in turn causes consumers to buy them at higher prices. Plaintiffs point to evidence that Hill's markets all of its PD products as therapeutic products intended for use in disease treatment to veterinarians through its product guides, clinical evidence reports, veterinary hotline, and other marketing materials; expert survey evidence that veterinarians rely on manufacturer marketing materials in prescribing therapeutic products like PD, and that veterinarians prescribe such products to treat disease in pets; and expert survey evidence that 81.5% of PD purchasers surveyed indicated that they purchased a PD product because it was recommended or prescribed by their vet. (Pls.' Reply to Hill's Opp'n 19.) Plaintiffs contend that absent Hill's marketing efforts, veterinarians would not know about the PD product's therapeutic benefits and so would not prescribe or recommend them.

The Court finds that Plaintiffs adequately show that causation is capable of resolution on classwide proof.

### 4. Superiority

Class actions are superior where potential individual damages are too insignificant to incentivize class members to pursue claims individually. *See Suchanek*, 764 F.3d at 759. Plaintiffs proffer evidence that the prosecution of this case has entailed hundreds of thousands of dollars in expert costs. *Id*. at 760 ("In this case, resolution of the merits may require costly survey evidence and expert testimony, along the lines plaintiffs have proffered for certification purposes, to prove the allegation that the GSC packaging was likely to mislead a reasonable consumer."). Hill's does not challenge superiority. Thus, "the class device is superior, because no rational individual plaintiff would be willing to bear the costs of this lawsuit." *Id*.

## III. CONCLUSION

For all of these reasons, Plaintiff's Motion for Class Certification [249] is granted in part and denied in part.

This case is set for status hearing on  October 26, 2023 at 9:30 a.m.


**SO ORDERED.**                                    **ENTERED: September 29, 2023**

_____
**HON. JORGE ALONSO**
**United States District Judge**

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:17-cv-02535
## Internal Use Only

Vanzant et al v. Hill's Pet Nutrition, Inc. et al
Assigned to: Honorable Jorge L. Alonso
Case in other court: 17-03633
        Circuit Court of Cook County, Chancery Division,
        2017CH03121
Cause: 28:1332 Diversity-Fraud

Date Filed: 04/03/2017
Date Terminated: 11/29/2017
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Holly Blaine Vanzant**

represented by **Brian Patrick O'Meara**
Forde & O'Meara LLP
191 North Wacker Drive
31st Floor
Chicago, IL 60606
(312) 641-1441
Email: bomeara@fordellp.com
*ATTORNEY TO BE NOTICED*

**Daniel R. Shulman**
Shulman & Buske PLLC
126 N. 3d St.
Suite 402
Minneapolis, MN 55401
(612)870-7410
Email: dan@shulmanbuske.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward J Coyne , III**
Ward and Smith, P.A.
127 Racine Drive
Wilmington, NC 28406
910-794-4887
Email: ejcoyne@wardandsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen M Carey**
Forde & O'Meara LLP
191 North Wacker Drive
31st Floor
Chicago, IL 60606
(312) 641-1441
Email: ecarey@fordellp.com
*ATTORNEY TO BE NOTICED*

**Kevin Michael Forde**
Forde & O'Meara LLP
191 North Wacker Drive
31st Floor
Chicago, IL 60606
(312) 641-1441
Email: kforde@fordellp.com
*ATTORNEY TO BE NOTICED*

**Kevin R. Malloy**
Forde & O'Meara LLP

191 North Wacker Drive
31st Floor
Chicago, IL 60606
(312) 641-1441
Email: kmalloy@fordellp.com
*ATTORNEY TO BE NOTICED*

**Luke C Tompkins**
Ward and Smith, P.A.
751 Corporate Center Drive, Suite 300
Raleigh, NC 27607
919-277-9176
Email: lctompkins@wardandsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynwood P Evans**
Ward and Smith, P.A.
120 West Fire Tower Road
Winterville, NC 28590
252-215-4000
Email: lpe@wardandsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew D. Davis**
Walkup Melodia Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
(415) 981-7210
Email: mdavis@walkuplawoffice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael K. Forde**
Forde & O'Meara LLP
191 North Wacker Drive
31st Floor
Chicago, IL 60606
312 641 1441
Email: mforde@fordellp.com
*ATTORNEY TO BE NOTICED*

**Michael A Kelly**
Walkup Melodia Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
(415) 981-7210
Email: mkelly@walkuplawoffice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael L Mcglamry**
Pope McGlamry
3391 Peachtree Road
Suite 300
Atlanta, GA 30326
404-523-7706
Email: efile@pmkm.com
*ATTORNEY TO BE NOTICED*

**Michael Patrick Morrill**
Pope McGlamry, PC
1200 6th Avenue
Columbus, GA 31901
(518) 441-6887

Email: mikemorrill@pmkm.com
*TERMINATED: 07/19/2023*
*PRO HAC VICE*

**Radhika V. Lohia**
Forde & O'Meara LLP
191 North Wacker Drive
31st Floor
Chicago, IL 60606
3126411441
Email: rlohia@fordellp.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dana Land**
*TERMINATED: 08/31/2021*

represented by **Brian Patrick O'Meara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel R. Shulman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen M Carey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Michael Forde**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin R. Malloy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael K. Forde**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sherry Nevius**

represented by **Daniel R. Shulman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward J Coyne , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Michael Forde**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Luke C Tompkins**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynwood P Evans**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew D. Davis**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A Kelly**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael L Mcglamry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Patrick Morrill**
(See above for address)
*TERMINATED: 07/19/2023*
*PRO HAC VICE*

**Radhika V. Lohia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ellen M Carey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hill's Pet Nutrition, Inc.**                    represented by **Hannah Chanoine**
O"Melveny & Myers LLP
7 Times Square
Times Square Tower
New York, NY 10025
(212) 326-2000
Email: hchanoine@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy J. Laurendeau**
O'Melveny & Myers LLP
610 Newport Center Drive
1700
Newport Beach, CA 92660
(949) 823-6900
Email: alaurendeau@omm.com
*ATTORNEY TO BE NOTICED*

**Anna Schneider**
Law Firm of Susan K Marcus LLC
29 Broadway
Ste 1412
New York, NY 10006
917-227-3759
Email: anna@skmarcuslaw.com
*TERMINATED: 04/21/2023*

**Bruce C. Pettig**
O'Melveny and Myers LLP
7 Times Square Tower
New York, NY 10036
(212) 326-2000
Email: bpettig@omm.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Gerard A. Savaresse**
O"Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212) 728-5947
Email: gsavaresse@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. N. Kopczynski**
O'Melveny and Myers LLP
Times Square Tower, 7 Times Square
New York, NY 10036
(212) 728-5675
Email: jkopczynski@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John C. Gekas**
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street
Suite 4200
Chicago, IL 60601
312 876-7124
Email: john.gekas@saul.com
*ATTORNEY TO BE NOTICED*

**Justine Marise Daniels**
O"Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899
(213) 430-7657
Email: jdaniels@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Haran**
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212) 728-5913
Email: kharan@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Naomi Babu**
O'Melveny and Myers LLP
7 Times Square Tower
New York, NY 10036
(213) 326-2000
Email: nbabu@omm.com
*TERMINATED: 03/11/2022*
*PRO HAC VICE*

**Richard B Goetz**
O'Melveny & Myers
400 South Hope Street
18th Floor
Los Angeles, CA 90071
(213) 430-6000
Email: rgoetz@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**PetSmart, LLC**                                        represented by   **Eileen Regina Ridley**
Foley & Lardner Llp
555 California Street
Suite 1700
San Francisco, CA 94104
(415) 438-6469
Email: eridley@foley.com
*TERMINATED: 03/03/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kara L McCall**
Sidley Austin LLP
One S. Dearborn Street
Chicago, IL 60603
312-853-7000
Email: kmccall@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Bachrach**
Sidley Austin Llp
1 S Dearborn Ave
Chicago, IL 60603
(312) 853-7272
Email: abachrach@sidley.com
*ATTORNEY TO BE NOTICED*

**Alan R. Ouellette**
Foley & Lardner Llp
555 California Street
Suite 1700
San Francisco, CA 94104
(415) 434-4484
Email: aouellette@foley.com
*TERMINATED: 03/03/2021*
*ATTORNEY TO BE NOTICED*

**Amy Pesapane Lally**
Sidley Austin LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
310 595 9500
Email: alally@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hayley Louise Altabef**
Foley & Lardner
321 N. Clark St
Suite 2800
Chicago, IL 60654
(312) 832-4587
Email: haltabef@foley.com
*TERMINATED: 03/03/2021*
*ATTORNEY TO BE NOTICED*

**James T. McKeown**
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
414-297-5530
Email: jmckeown@foley.com
*TERMINATED: 03/03/2021*

*ATTORNEY TO BE NOTICED*

**John Louis Litchfield**
Foley & Lardner Llp
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-4500
Email: jlitchfield@foley.com
*TERMINATED: 05/11/2021*
*ATTORNEY TO BE NOTICED*

**Julie Becker**
Sidley Austin Llp
One South Dearborn St
Chicago, IL 60603
(312) 853-3604
Email: julie.becker@sidley.com
*ATTORNEY TO BE NOTICED*

**Lauren Tallon Keane**
Sidley Austin LLP
1 South Dearborn St.
Chicago, IL 60603
312-456-5395
Email: lkeane@sidley.com
*ATTORNEY TO BE NOTICED*

**Lori Lynn Taylor**
Foley & Lardner Llp
321 N. Clark St.
Chicago, IL 60654
(847) 754-7305
Email: ltaylor@foley.com
*TERMINATED: 03/03/2021*
*ATTORNEY TO BE NOTICED*

**Marriam Shah**
Sidley Austin Llp
One South Dearborn
Chicago, IL 60603
(240) 449-7611
Email: mshah@sidley.com
*TERMINATED: 05/06/2021*
*ATTORNEY TO BE NOTICED*

**Zaldwaynaka L. Scott**
Foley & Lardner
321 N. Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-5181
Email: zscott@foley.com
*TERMINATED: 03/03/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Medical Management International, Inc. d/b/a Banfield Pet Hospital**

represented by **Brett Michael Doran**
Greenbert Traurig LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
312 457 8400
Email: doranb@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Francis A Citera**
Greenberg Traurig, LLP.
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: citeraf@gtlaw.com
*ATTORNEY TO BE NOTICED*

**John E. Schmidtlein**
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
202-434-5000
Email: JSchmidtlein@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>
**BluePearl Vet, LLC**                     represented by   **Brett Michael Doran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin M Greenblum**
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5919
Email: bgreenblum@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis A Citera**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/03/2017 | 1 | NOTICE of Removal from Circuit Court of Cook County, Chancery Division, case number (2017CH03121) filed by PetSmart, Inc. *(Fee Paid - Transaction No. 0752-13029731)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Scott, Zaldwaynaka) (Entered: 04/03/2017) |
| 04/03/2017 | 2 | CIVIL Cover Sheet (Scott, Zaldwaynaka) (Entered: 04/03/2017) |
| 04/03/2017 | 3 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Zaldwaynaka L. Scott (Scott, Zaldwaynaka) (Entered: 04/03/2017) |
| 04/03/2017 | 4 | ATTORNEY Appearance for Defendants BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital by Francis A Citera (Citera, Francis) (Entered: 04/03/2017) |
| 04/03/2017 | 5 | ATTORNEY Appearance for Defendants BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital by Brett Michael Doran (Doran, Brett) (Entered: 04/03/2017) |
| 04/03/2017 | 6 | Consent to Removal by BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital (Doran, Brett) (Entered: 04/03/2017) |
| 04/03/2017 | 7 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by BluePearl Vet, LLC, Hill's Pet Nutrition, Inc., Medical Management International, Inc. d/b/a Banfield Pet Hospital (Doran, Brett) (Entered: 04/03/2017) |
| 04/04/2017 | | CASE ASSIGNED to the Honorable Samuel Der-Yeghiayan. Designated as Magistrate Judge the Honorable Jeffrey Cole. (lcw, ) (Entered: 04/04/2017) |
| 04/04/2017 | 8 | MAILED notice of removal letter to all counsel of record. (ks, ) (Entered: 04/04/2017) |
| 04/04/2017 | 9 | ATTORNEY Appearance for Plaintiffs Dana Land, Holly Blaine Vanzant by Michael K. Forde (Forde, Michael) (Entered: 04/04/2017) |

| 04/04/2017 | 10 | ATTORNEY Appearance for Plaintiffs Dana Land, Holly Blaine Vanzant by Ellen M Carey (Carey, Ellen) (Entered: 04/04/2017) |
|---|---|---|
| 04/04/2017 | 11 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Eileen Regina Ridley (Ridley, Eileen) (Entered: 04/04/2017) |
| 04/04/2017 | 12 | NOTICE by PetSmart, Inc. *of Compliance with 28 U.S.C. Section 1446(d)* (Attachments: # 1 Exhibit A) (Ridley, Eileen) (Entered: 04/04/2017) |
| 04/05/2017 | 13 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13035647. (, Benjamin) (Entered: 04/05/2017) |
| 04/05/2017 | 14 | MOTION by Defendant PetSmart, Inc. for extension of time to file answer *, Move or Otherwise Plead In Response to Plaintiffs' Complaint - Unopposed* (Ridley, Eileen) (Entered: 04/05/2017) |
| 04/05/2017 | 15 | NOTICE of Motion by Eileen Regina Ridley for presentment of motion for extension of time to file answer 14 before Honorable Samuel Der-Yeghiayan on 4/12/2017 at 09:00 AM. (Ridley, Eileen) (Entered: 04/05/2017) |
| 04/06/2017 | 16 | ORDER: Benjamin Greenblum's motion for leave to appear pro hac vice for Defendants Medical Management International, Inc and BluePearl Vet, LLC 13 is granted. Signed by the Honorable Samuel Der-Yeghiayan on 4/6/2017. Mailed notice(ks, ) (Entered: 04/07/2017) |
| 04/11/2017 | 17 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Defendants' unopposed motion for extension of time to answer or otherwise plead 14 is granted to and including 05/10/17. Noticed motion date of 04/12/17 is stricken. Initial status hearing set for 05/11/17 at 9:00 a.m. At least four working days before the initial status hearing, the parties shall conduct a FRCP 26(f) conference and file a joint written Initial Status Report, not to exceed five pages in length, and file the Court's Joint Jurisdictional Status Report and deliver courtesy copies to this Court's Courtroom Deputy in room 1908. The Court's standing orders on the Initial Status Report and Joint Jurisdictional Status Report maybe obtained from Judge Der-Yeghiayan's web page or from this Court's Courtroom Deputy. Mailed notice (mw, ) (Entered: 04/11/2017) |
| 04/12/2017 | 18 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by John C. Gekas (Gekas, John) (Entered: 04/12/2017) |
| 04/13/2017 | 19 | NOTICE by John C. Gekas of Change of Address (Gekas, John) (Entered: 04/13/2017) |
| 04/18/2017 | 20 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13084161. (Chanoine, Hannah) (Entered: 04/18/2017) |
| 04/20/2017 | 21 | ORDER: Hannah Chanoine's motion for leave to appear pro hac vice for Defendant HIll's Pet Nutrition, Inc. 20 is granted. Signed by the Honorable Samuel Der-Yeghiayan on 4/20/2017. Mailed notice(ks, ) (Entered: 04/21/2017) |
| 05/03/2017 | 22 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13136425. (Schmidtlein, John) (Entered: 05/03/2017) |
| 05/03/2017 | 23 | ORDER: John E. Schmidtlein's motion for leave to appear pro hac vice for Defendant BluePearl Vet, LLC 22 is granted. Signed by the Honorable Samuel Der-Yeghiayan on 5/3/2017. Mailed notice(ks, ) (Entered: 05/04/2017) |
| 05/04/2017 | 24 | MOTION by Defendants BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital for leave to file excess pages */Leave to Increase Page Limit* (Doran, Brett) (Entered: 05/04/2017) |
| 05/04/2017 | 25 | NOTICE of Motion by Brett Michael Doran for presentment of motion for leave to file excess pages 24 before Honorable Samuel Der-Yeghiayan on 5/9/2017 at 09:00 AM. (Doran, Brett) (Entered: 05/04/2017) |
| 05/05/2017 | 26 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal document *Unopposed Motion for Leave to File Documents Under Seal Instanter* (Gekas, John) (Entered: 05/05/2017) |
| 05/05/2017 | 27 | NOTICE of Motion by John C. Gekas for presentment of motion to seal document 26 before Honorable Samuel Der-Yeghiayan on 5/9/2017 at 09:00 AM. (Gekas, John) (Entered: 05/05/2017) |
| 05/05/2017 | 28 | STATUS Report *Joint Initial* by Dana Land, Holly Blaine Vanzant (Carey, Ellen) (Entered: 05/05/2017) |
| 05/05/2017 | 29 | STATUS Report - *Joint Jurisdictional Status Report* by BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital (Attachments: # 1 Exhibit)(Doran, Brett) (Entered: 05/05/2017) |
| 05/08/2017 | 30 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Defendant Hill's motion for leave to file excess pages 24 is granted. Defendants motion for leave to file documents under seal 26 is granted. No appearance is needed on 5/9/17. Mailed notice(maf) (Entered: 05/08/2017) |

| | | |
|---|---|---|
| 05/10/2017 | 31 | MOTION by Defendants BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital to dismiss (Citera, Francis) (Entered: 05/10/2017) |
| 05/10/2017 | 32 | MEMORANDUM by BluePearl Vet, LLC, Medical Management International, Inc. d/b/a Banfield Pet Hospital in support of motion to dismiss 31 (Citera, Francis) (Entered: 05/10/2017) |
| 05/10/2017 | 33 | NOTICE of Motion by Francis A Citera for presentment of motion to dismiss 31 before Honorable Samuel Der-Yeghiayan on 5/18/2017 at 09:00 AM. (Citera, Francis) (Entered: 05/10/2017) |
| 05/10/2017 | 34 | MOTION by Defendant Hill's Pet Nutrition, Inc.Request for Judicial Notice (Attachments: # 1 Exhibit A: Declaration of Hannah Chanoine, # 2 Exhibit A-1: Published FDA Compliance Policy Guide, # 3 Exhibit A-2: Draft FDA Compliance Policy Guide)(Gekas, John) (Entered: 05/10/2017) |
| 05/10/2017 | 35 | NOTICE of Motion by John C. Gekas for presentment of motion for miscellaneous relief, 34 before Honorable Samuel Der-Yeghiayan on 5/18/2017 at 09:00 AM. (Gekas, John) (Entered: 05/10/2017) |
| 05/10/2017 | 36 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendants' Joint Motion to Dismiss* (Gekas, John) (Entered: 05/10/2017) |
| 05/10/2017 | 37 | NOTICE of Motion by John C. Gekas for presentment of Motion to Dismiss for Failure to State a Claim 36 before Honorable Samuel Der-Yeghiayan on 5/18/2017 at 09:00 AM. (Gekas, John) (Entered: 05/10/2017) |
| 05/11/2017 | 38 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Status hearing held and continued to 10/31/17 at 9:00 a.m. Plaintiffs' responses to Defendants' motions to dismiss 31 , 36 and to take judicial notice 34 are to be filed by 06/15/17. Defendants' replies are to be filed by 07/13/17. Mailed notice (mw, ) (Entered: 05/11/2017) |
| 06/14/2017 | 39 | MOTION by Plaintiffs Dana Land, Holly Blaine Vanzant for leave to file *First Amended Class Action Complaint* (Carey, Ellen) (Entered: 06/14/2017) |
| 06/14/2017 | 40 | NOTICE of Motion by Ellen M Carey for presentment of motion for leave to file 39 before Honorable Samuel Der-Yeghiayan on 6/20/2017 at 09:00 AM. (Carey, Ellen) (Entered: 06/14/2017) |
| 06/19/2017 | 41 | STIPULATION of Dismissal *of Medical Management International, Inc. and BluePearl Vet, LLC Without Prejudice* (Carey, Ellen) (Entered: 06/19/2017) |
| 06/20/2017 | 42 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. Medical Management International, Inc. and BluePearl Vet, LLC are hereby dismissed without prejudice pursuant to stipulation 41 . Plaintiffs' motion for leave to file amended complaint 39 is granted. Defendants to answer, move, or otherwise plead to the amended complaint by 08/01/17. In the event any party moves to dismiss, Plaintiffs are given until 09/08/17 to file their responses and Defendants are given until 09/27/17 to file their replies. All pending motions to dismiss 31 , 36 are stricken as moot without prejudice. Defendant Hill's Pet Nutrition's request for judicial notice 34 is stricken without prejudice. Status hearing reset to 11/29/17 at 9:00 a.m. Status hearing set for 10/31/17 is stricken. Mailed notice (mw, ) (Entered: 06/20/2017) |
| 06/20/2017 | 43 | *FIRST* AMENDED complaint by Holly Blaine Vanzant, Dana Land against Hill's Pet Nutrition, Inc., PetSmart, Inc. (Carey, Ellen) (Entered: 06/20/2017) |
| 07/26/2017 | 44 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-13413330. (Goetz, Richard) (Entered: 07/26/2017) |
| 07/26/2017 | 45 | ORDER: Richard Goetz' motion for leave to appear pro hac vice for Defendant Hill's Pet Nutrition, Inc. 44 is granted. Signed by the Honorable Samuel Der-Yeghiayan on 7/26/2017. Mailed notice (aee, ) (Entered: 07/28/2017) |
| 07/26/2017 | 46 | ORDER: Richard Goetz' motion for leave to appear pro hac vice for Defendant Hill's Pet Nutrition, Inc. 44 is granted. Signed by the Honorable Samuel Der-Yeghiayan on 7/26/2017. Mailed notice(ks, ) (Entered: 07/28/2017) |
| 07/28/2017 | 47 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Alan R. Ouellette (Ouellette, Alan) (Entered: 07/28/2017) |
| 08/01/2017 | 48 | MOTION by Defendant Hill's Pet Nutrition, Inc.Request for Judicial Notice (Attachments: # 1 Declaration 1: Declaration of Hannah Chanoine, # 2 Exhibit 1-A: 2012 Draft Policy, # 3 Exhibit 1-B: PFI Comment, # 4 Exhibit 1-C: NASC Comment)(Gekas, John) (Entered: 08/01/2017) |
| 08/01/2017 | 49 | NOTICE of Motion by John C. Gekas for presentment of motion for miscellaneous relief, 48 before Honorable Samuel Der-Yeghiayan on 8/9/2017 at 09:00 AM. (Gekas, John) (Entered: 08/01/2017) |
| 08/01/2017 | 50 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Defendant's Joint Motion to Dismiss First Amended Complaint* (Gekas, John) (Entered: 08/01/2017) |

| 08/08/2017 | 51 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Noticed motion date of 08/09/17 is stricken. Briefing schedule set on 06/20/17 to stand. Mailed notice (mw, ) (Entered: 08/08/2017) |
|---|---|---|
| 09/08/2017 | 52 | RESPONSE by Plaintiffs Dana Land, Holly Blaine Vanzant to Motion to Dismiss for Failure to State a Claim 50 (Carey, Ellen) (Entered: 09/08/2017) |
| 09/08/2017 | 53 | RESPONSE by Plaintiffs Dana Land, Holly Blaine Vanzant to motion for miscellaneous relief, 48 (Carey, Ellen) (Entered: 09/08/2017) |
| 09/18/2017 | 54 | NOTICE by John C. Gekas of Change of Address & *Change of Firm Name* (Gekas, John) (Entered: 09/18/2017) |
| 09/27/2017 | 55 | REPLY by Defendant Hill's Pet Nutrition, Inc. to Motion to Dismiss for Failure to State a Claim 50 *Defendants' Reply in Support of their Motion to Dismiss the First Amended Complaint* (Gekas, John) (Entered: 09/27/2017) |
| 11/27/2017 | 56 | MOTION by Defendant Hill's Pet Nutrition, Inc. for leave to file *supplemental authority and for judicial notice* (Attachments: # 1 Exhibit A: Order in Moore v. Mars Petcare US, Inc., et al)(Gekas, John) (Entered: 11/27/2017) |
| 11/27/2017 | 57 | NOTICE of Motion by John C. Gekas for presentment of motion for leave to file 56 before Honorable Samuel Der-Yeghiayan on 11/29/2017 at 09:00 AM. (Gekas, John) (Entered: 11/27/2017) |
| 11/29/2017 | 58 | ATTORNEY Appearance for Defendant PetSmart, Inc. by John Louis Litchfield (Litchfield, John) (Entered: 11/29/2017) |
| 11/29/2017 | 59 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion for judicial notice 48 is granted. Motion for leave to file 56 is stricken as moot. Motion to dismiss for failure to state a claim 50 is granted. Enter memorandum opinion. Enter judgment. Civil case terminated. Mailed notice (ags, ) (Entered: 11/29/2017) |
| 11/29/2017 | 60 | MEMORANDUM Opinion signed by the Honorable Samuel Der-Yeghiayan on 11/29/2017. This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted. Mailed notice (ags, ) (Entered: 11/29/2017) |
| 11/29/2017 | 61 | ENTERED JUDGMENT on 11/29/2017. Mailed notice (ags, ) (Entered: 11/29/2017) |
| 12/27/2017 | 62 | NOTICE of appeal by Dana Land, Holly Blaine Vanzant regarding orders 61 , 59 , 60 Filing fee $ 505, receipt number 0752-13947218. (Carey, Ellen) (Entered: 12/27/2017) |
| 12/27/2017 | 63 | DOCKETING Statement by Dana Land, Holly Blaine Vanzant regarding notice of appeal 62 (Carey, Ellen) (Entered: 12/27/2017) |
| 12/27/2017 | 64 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 62 . (smm) (Entered: 12/27/2017) |
| 12/27/2017 | 65 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 62 . Notified counsel (smm) (Entered: 12/27/2017) |
| 12/28/2017 | 66 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 62 ; USCA Case No. 17-3633. (kp, ) (Entered: 12/28/2017) |
| 10/11/2019 | 67 | CERTIFIED COPY OF OPINION from the USCA for the 7th Circuit; Argued 9/27/18; Decided 8/20/19 in USCA case no. 17-3633. (smm, ) (Entered: 10/11/2019) |
| 10/11/2019 | 68 | CERTIFIED COPY OF USCA FINAL JUDGMENT dated 8/20/19 regarding notice of appeal 62 ; USCA No. 17-3633. The judgment of the District Court is REVERSED, with costs, in accordance with the decision of this court entered on this date. (smm, ) (Entered: 10/11/2019) |
| 10/11/2019 | 69 | COPY of order dated 10/11/19 from the Seventh Circuit regarding notice of appeal 62 ; Appellate case no. : 17-3633. On consideration of the petition for rehearing and for rehearing en banc, no judge in active service has requested a vote on the petition for rehearing en banc, and all of the judges on the original panel have voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED. (smm, ) (Entered: 10/11/2019) |
| 10/11/2019 | 70 | MANDATE of USCA dated 10/11/19 regarding notice of appeal 62 ;USCA No.17-3633 ; No record to be returned. (smm, ) (Entered: 10/11/2019) |
| 11/12/2019 | 71 | ATTORNEY Appearance for Plaintiffs Dana Land, Holly Blaine Vanzant by Kevin R. Malloy (Malloy, Kevin) (Entered: 11/12/2019) |
| 01/07/2020 | 72 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Jorge L. Alonso for all further proceedings. Honorable Samuel Der-Yeghiayan no longer assigned to the case. Signed by Executive |

| | | |
|---|---|---|
| | | Committee on 1/7/2020. (td, ) (Entered: 01/07/2020) |
| 01/09/2020 | 73 | MINUTE entry before the Honorable Jorge L. Alonso: Status hearing set for 1/28/20 at 9:30 a.m. Notice mailed by judge's staff (lf, ) (Entered: 01/09/2020) |
| 01/23/2020 | 74 | STATUS Report *JOINT* by Dana Land, Holly Blaine Vanzant (Malloy, Kevin) (Entered: 01/23/2020) |
| 01/24/2020 | 75 | NOTICE by Michael K. Forde of Change of Address *CHANGE OF FIRM NAME* (Forde, Michael) (Entered: 01/24/2020) |
| 01/24/2020 | 76 | NOTICE by Michael K. Forde of Change of Address *CORRECTED CHANGE OF FIRM NAME* (Forde, Michael) (Entered: 01/24/2020) |
| 01/24/2020 | 77 | NOTICE by Ellen M Carey of Change of Address *CHANGE OF FIRM NAME* (Carey, Ellen) (Entered: 01/24/2020) |
| 01/24/2020 | 78 | ATTORNEY Appearance for Plaintiffs Dana Land, Holly Blaine Vanzant by Kevin Michael Forde (Forde, Kevin) (Entered: 01/24/2020) |
| 01/24/2020 | 79 | ATTORNEY Appearance for Plaintiffs Dana Land, Holly Blaine Vanzant by Brian Patrick O'Meara (O'Meara, Brian) (Entered: 01/24/2020) |
| 01/28/2020 | 80 | MINUTE entry before the Honorable Jorge L. Alonso: Status hearing held. Defendants shall answers to the complaint by 2/27/20. Parties initial disclosures shall be served by 3/27/20. All fact discovery shall be noticed to be completed by 6/1/21.This case is referred to the magistrate judge for discovery supervision, with authority to set and extend deadlines, and a settlement conference. No further status hearing in front of the District Judge will be set until the referral to the Magistrate Judge is closed. Notices mailed by judge's staff (lf, ) (Entered: 01/28/2020) |
| 01/28/2020 | 81 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Jeffrey Cole for the purpose of holding proceedings related to: discovery supervision; settlement conference. (lf, )Notices mailed by judge's staff. (Entered: 01/28/2020) |
| 01/28/2020 | 82 | NOTICE by Kevin R. Malloy of Change of Address *CHANGE OF FIRM NAME* (Malloy, Kevin) (Entered: 01/28/2020) |
| 01/31/2020 | 83 | MINUTE entry before the Honorable Jeffrey Cole:Status hearing set for 2/6/2020 at 8:30 am.Mailed notice (yt) (Entered: 01/31/2020) |
| 02/06/2020 | 84 | MINUTE entry before the Honorable Jeffrey Cole: Status hearing held 2/6/2020. Status is set for 5/18/2020 at 10 a.m. CST. Out of town counsel for the parties are permitted to participate telephonically. Counsel should call (888) 684-8852, access code 5618926. Counsel must use a landline. I wish to thank all counsel for their Joint initial Status Report. 74 . It has been most helpful. Fact discovery, including depositions, will close on 6/1/21 80 as ordered by Judge Alonso. The deadline for the completion of expert discovery will be 18 months after defendant's Answer is filed. [74, p. 4, par. 7]. That Answer is now due on 2/27/20 pursuant to Judge Alonso's Order. 80 .Mailed notice (yt) (Entered: 02/06/2020) |
| 02/27/2020 | 85 | ANSWER to amended complaint by PetSmart, Inc.(Ridley, Eileen) (Entered: 02/27/2020) |
| 02/27/2020 | 86 | ANSWER to amended complaint by Hill's Pet Nutrition, Inc.(Gekas, John) (Entered: 02/27/2020) |
| 03/24/2020 | 87 | ATTORNEY Appearance for Defendant PetSmart, Inc. by James T. McKeown (McKeown, James) (Entered: 03/24/2020) |
| 05/01/2020 | 88 | MINUTE entry before the Honorable Jeffrey Cole: In light of the Third Amended General Order 20-0012 and the present situation, the 5/18/2020 status hearing is stricken. We are awaiting finalization of the June schedule and upon receipt of that schedule, a new status date will be set by order of the court and reflected on the docket. Mailed notice (yt) (Entered: 05/01/2020) |
| 06/02/2020 | 89 | MINUTE entry before the Honorable Jeffrey Cole: In light of finalization of the June schedule 88 , the new date for the telephonic status conference is set for 6/17/20 at 11:00am. Counsel should call (888) 684-8852, access code 5618926. Mailed notice (yt) (Entered: 06/02/2020) |
| 06/12/2020 | 90 | MOTION by Plaintiffs Dana Land, Holly Blaine Vanzant for extension of time to complete discovery *JOINT* (Carey, Ellen) (Entered: 06/12/2020) |
| 06/17/2020 | 91 | MINUTE entry before the Honorable Jeffrey Cole: The JOINT MOTION FOR A SEVEN-DAY EXTENSION OF TIME TO SERVE RESPONSES TO MANDATORY INITIAL DISCOVERY REQUESTS 90 is granted. Mailed notice (yt) (Entered: 06/17/2020) |
| 06/18/2020 | 92 | MINUTE entry before the Honorable Jeffrey Cole: Telephone Status Conference held on 6/17/20. The parties have agreed that the additional time for extensions required by the General Orders issued by the District Court during the pandemic, is sufficient for discovery. Accordingly, fact discovery is to be completed by 9/6/21. Plaintiff shall comply with FRCP 26(a)(2) by 9/27/21. Deposition of plaintiff's |

| | | |
|---|---|---|
| | | experts shall be completed 10/11/21. Defendants shall comply with FRCP 26(a)(2) by 10/25/21. Deposition of defendants' experts shall be completed by 11/12/21. All expert discovery is to be completed by 11/12/21. Counsel should contact the Court should any difficulties arise during depositions. Counsel may call my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. The next telephone status conference is set for 10/19/20 at 10:00am. Mailed notice (yt) (Entered: 06/18/2020) |
| 06/26/2020 | 93 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17148941. (Savaresse, Gerard) (Entered: 06/26/2020) |
| 06/30/2020 | 94 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Lori Lynn Taylor (Taylor, Lori) (Entered: 06/30/2020) |
| 08/06/2020 | 95 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motion to appear pro hac vice 93 is granted. Attorney Gerard A. Savaresse is given leave to file an appearance on behalf of Defendant Hill's Pet Nutrition, Inc. Notice mailed by judge's staff (lf, ) (Entered: 08/06/2020) |
| 08/19/2020 | 96 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Gerard A. Savaresse (Savaresse, Gerard) (Entered: 08/19/2020) |
| 08/19/2020 | 97 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Hayley Louise Altabef (Altabef, Hayley) (Entered: 08/19/2020) |
| 09/03/2020 | 98 | MOTION by Defendant Hill's Pet Nutrition, Inc. for protective order / *Joint Motion for Entry of Agreed Confidentiality Order* (Attachments: # 1 Exhibit 1 - Agreed Confidentiality Order)(Chanoine, Hannah) (Entered: 09/03/2020) |
| 09/04/2020 | 99 | MINUTE entry before the Honorable Jorge L. Alonso: Joint motion for entry of agreed confidentiality order 98 is granted. Enter Agreed Protective Order. Notice mailed by judge's staff (lf, ) (Entered: 09/04/2020) |
| 09/04/2020 | 100 | AGREED CONFIDENTIALITY Order. Signed by the Honorable Jorge L. Alonso on 9/4/2020. Notice mailed by judge's staff (lf, ) (Entered: 09/04/2020) |
| 10/19/2020 | 101 | MINUTE entry before the Honorable Jeffrey Cole: The call-in number for the telephone status conference set for 10/19/20 at 10:00am, is (888) 684-8852, access code 5618926#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions. Mailed notice (yt) (Entered: 10/19/2020) |
| 10/19/2020 | 102 | MINUTE entry before the Honorable Jeffrey Cole: Telephone Status Conference held on 10/19/20. Discovery is progressing smoothly. The next telephone status conference is set for 2/10/21 at 9:00am and counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Counsel should contact the Court should any difficulties arise during depositions. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 10/19/2020) |
| 02/08/2021 | 103 | MINUTE entry before the Honorable Jeffrey Cole:The telephone status conference set for 2/10/21 at 9:00am is RESCHEDULED to 10:00am. THIS IS A TIME CHANGE ONLY. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Counsel should contact the Court should any difficulties arise during depositions. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 02/08/2021) |
| 02/09/2021 | 104 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Kara L McCall (McCall, Kara) (Entered: 02/09/2021) |
| 02/09/2021 | 105 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Marriam Shah (Shah, Marriam) (Entered: 02/09/2021) |

| 02/10/2021 | [106](#) | MINUTE entry before the Honorable Jeffrey Cole: Telephone status conference held on 2/10/21. The parties report that discovery is proceeding on schedule. The next telephone status conference is set for 5/6/21 at 9:30am. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 02/10/2021) |
| 02/10/2021 | [107](#) | ATTORNEY Appearance for Defendant PetSmart, Inc. by Julie Becker (Becker, Julie) (Entered: 02/10/2021) |
| 03/01/2021 | [108](#) | ATTORNEY Appearance for Defendant PetSmart, Inc. by Abigail Bachrach (Bachrach, Abigail) (Entered: 03/01/2021) |
| 03/02/2021 | [109](#) | MOTION by Attorney Eileen R. Ridley, Alan R. Ouellette, Zaldwaynaka Scott, James T. McKeown, Lori L. Taylor, and Hayley Louise Altabef to withdraw as attorney for PetSmart, Inc.. No party information provided (McCall, Kara) (Entered: 03/02/2021) |
| 03/03/2021 | [110](#) | MINUTE entry before the Honorable Jorge L. Alonso: Defendant PetSmart's motion for withdrawal and substitution of counsel [109](#) is granted. Attorneys Alan R. Ouellette, Eileen Regina Ridley, Zaldwaynaka L. Scott, Lori Lynn Taylor, Hayley Louise Altabef and James T. McKeown are given leave to withdraw as counsel for Defendant. Attorneys Kara L. McCall, Julie Becker, and Abigail Bachrach are given leave to file an appearance on behalf of Defendant. Notice mailed by Judge's staff (lf, ) (Entered: 03/03/2021) |
| 04/28/2021 | [111](#) | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18183914. (Laurendeau, Amy) (Entered: 04/28/2021) |
| 04/28/2021 | [112](#) | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-18184067. (Kopczynski, Jeffrey) (Entered: 04/28/2021) |
| 04/30/2021 | [113](#) | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motions to appear pro hac vice [111](#) and [112](#) are granted. Attorneys Amy J. Laurendeau and Jeffrey A. N. Kopczynski are given leave to file appearances on behalf of Defendant Hill's Pet Nutrition, Inc. Notice mailed by Judge's staff (lf, ) (Entered: 04/30/2021) |
| 04/30/2021 | [114](#) | MOTION by Defendant PetSmart, Inc. for judgment on the pleadings (McCall, Kara) (Entered: 04/30/2021) |
| 04/30/2021 | [115](#) | NOTICE of Motion by Kara L McCall for presentment of motion for judgment on the pleadings [114](#) before Honorable Jorge L. Alonso on 5/7/2021 at 09:30 AM. (McCall, Kara) (Entered: 04/30/2021) |
| 05/05/2021 | [116](#) | MOTION by Attorney Marriam Shah to withdraw as attorney for PetSmart, Inc.. No party information provided (Shah, Marriam) (Entered: 05/05/2021) |
| 05/05/2021 | [117](#) | NOTICE by Hill's Pet Nutrition, Inc. re MOTION by Defendant PetSmart, Inc. for judgment on the pleadings [114](#) / Notice of Joinder and Joinder of Petsmart's Motion for Judgment on the Pleadings (Chanoine, Hannah) (Entered: 05/05/2021) |
| 05/06/2021 | [118](#) | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing set for 5/7/21 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call-in number is 888-808-6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Defendant's motion to withdraw as attorney [116](#) is granted. Attorney Marriam Shah is given leave to withdraw as counsel for Defendant Petsmart LLC. Notice mailed by Judge's staff (lf, ) (Entered: 05/06/2021) |
| 05/06/2021 | [119](#) | MINUTE entry before the Honorable Jeffrey Cole: Telephone status conference held on 5/6/21. The parties are working through discovery issues, and neither side had any matters that required discussion. The next telephone status conference is set for 8/3/21 at 10:30am. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during |

| | | |
|---|---|---|
| | | depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 05/06/2021) |
| 05/06/2021 | 120 | STIPULATION regarding motion for judgment on the pleadings 114 *(Joint Stipulation Regarding Briefing Schedule)* (McCall, Kara) (Entered: 05/06/2021) |
| 05/07/2021 | 121 | MOTION by Attorney John L. Litchfield to withdraw as attorney for PetSmart, Inc.. No party information provided (Litchfield, John) (Entered: 05/07/2021) |
| 05/07/2021 | 122 | NOTICE of Motion by John Louis Litchfield for presentment of motion to withdraw as attorney 121 before Honorable Jorge L. Alonso on 5/12/2021 at 09:30 AM. (Litchfield, John) (Entered: 05/07/2021) |
| 05/07/2021 | 123 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Jeffrey A. N. Kopczynski (Kopczynski, Jeffrey) (Entered: 05/07/2021) |
| 05/07/2021 | 124 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. For the reasons stated on the record, Defendant Petsmart LLC's motion for judgment on the pleadings 114 is denied without prejudice. Notice mailed by Judge's staff (lf, ) (Entered: 05/10/2021) |
| 05/11/2021 | 125 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's Motion to withdraw as attorney 121 is granted. Attorney John Louis Litchfield is given leave to withdraw as counsel for Defendant PetSmart LLC. Motion hearing date of 5/12/21 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/11/2021) |
| 05/13/2021 | 126 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Amy J. Laurendeau (Laurendeau, Amy) (Entered: 05/13/2021) |
| 07/29/2021 | 127 | MOTION by Plaintiffs Dana Land, Holly Blaine Vanzant for extension of time to complete discovery *UNOPPOSED* (Carey, Ellen) (Entered: 07/29/2021) |
| 07/30/2021 | 128 | MINUTE entry before the Honorable Jeffrey Cole: The Plaintiff's Unopposed Motion For An Extension of Time To Complete Discovery 127 , is granted. The schedule is as follows: Deadline for the parties to serve document requests and interrogatories on each other - 8/31/21; Deadline to serve requests for admission - 11/6/21; Fact discovery closure (including depositions) - 1/6/22; Plaintiffs' Rule 26(a)(2) expert disclosures - 2/17/22; Plaintiffs' expert depositions - 3/31/22; Defendants' Rule 26(a)(2) expert disclosures - 5/12/22; Defendants' expert depositions - 6/23/22; and Expert discovery completed (including depositions) 6/23/22. In addition, the parties should be aware of Local Rule 16.1 which states in part "discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." Mailed notice (yt) (Entered: 07/30/2021) |
| 08/03/2021 | 129 | MINUTE entry before the Honorable Jeffrey Cole: Telephone status conference held on 8/3/21. The parties are working through discovery issues, and neither side had any matters that required discussion. The next telephone status conference is set for 11/3/21 at 1:30pm CST. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 08/03/2021) |
| 08/03/2021 | 130 | MINUTE entry before the Honorable Jeffrey Cole: CORRECTION to Order 129 : The next telephone status conference is set for 11/1/21 at 1:30pm CST. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 08/03/2021) |
| 08/19/2021 | 131 | MOTION by Plaintiff Dana Land to dismiss *PLAINTIFF DANA LAND'S MOTION TO WITHDRAW AS A NAMED PLAINTIFF AND REPRESENTATIVE OF THE PUTATIVE CLASS AND TO VOLUNTARILY DISMISS HER INDIVIDUAL CLAIMS WITHOUT PREJUDICE* (Carey, Ellen) (Entered: 08/19/2021) |
| 08/19/2021 | 132 | MOTION by Plaintiff Holly Blaine Vanzant for leave to file *SECOND AMENDED CLASS ACTION COMPLAINT* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Carey, Ellen) (Entered: 08/19/2021) |

| 08/19/2021 | 133 | NOTICE of Motion by Ellen M Carey for presentment of motion for leave to file 132 before Honorable Jorge L. Alonso on 8/30/2021 at 09:30 AM. (Carey, Ellen) (Entered: 08/19/2021) |
|---|---|---|
| 08/19/2021 | 134 | NOTICE of Motion by Ellen M Carey for presentment of motion to dismiss 131 before Honorable Jorge L. Alonso on 8/30/2021 at 09:30 AM. (Carey, Ellen) (Entered: 08/19/2021) |
| 08/27/2021 | 135 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing set for 8/30/21 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call-in number is 888-808-6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 08/27/2021) |
| 08/30/2021 | 137 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. For the reasons stated on the record, Plaintiff Dana Land's motion to withdraw as a named Plaintiff and representative of the putative class and to voluntarily dismiss her individual claims without prejudice 132 is granted. Plaintiff Vanzant's motion for leave to file a second amended class action complaint 132 is granted. Plaintiff is directed to file the second amended complaint as a separate document on the docket. Notice mailed by Judge's staff (lf, ) (Entered: 08/31/2021) |
| 08/31/2021 | 136 | *SECOND* AMENDED complaint by Holly Blaine Vanzant, Sherry Nevius against Hill's Pet Nutrition, Inc., PetSmart, Inc. and terminating Dana Land (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Carey, Ellen) (Entered: 08/31/2021) |
| 09/14/2021 | 138 | ANSWER to amended complaint *136* by PetSmart, Inc.(McCall, Kara) (Entered: 09/14/2021) |
| 09/14/2021 | 139 | MOTION by Defendant Hill's Pet Nutrition, Inc. for extension of time *to Answer or Otherwise Plead in Response to Plaintiffs' Second Amended Complaint* (Chanoine, Hannah) (Entered: 09/14/2021) |
| 09/14/2021 | 140 | NOTICE of Motion by Hannah Chanoine for presentment of extension of time 139 before Honorable Jorge L. Alonso on 9/21/2021 at 09:30 AM. (Chanoine, Hannah) (Entered: 09/14/2021) |
| 09/16/2021 | 141 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant Hill's Pet Nutrition Inc.'s unopposed motion for extension of time to answer or otherwise plead in response to Plaintiffs' second amended complaint 139 is granted to 9/28/21. Motion hearing date of 9/21/21 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 09/16/2021) |
| 09/28/2021 | 142 | ANSWER to amended complaint *(Answer to Plaintiffs' Second Amended Class Action Complaint)* by Hill's Pet Nutrition, Inc.(Chanoine, Hannah) (Entered: 09/28/2021) |
| 11/01/2021 | 143 | MINUTE entry before the Honorable Jeffrey Cole: The telephone status conference set for 11/1/21 is RESCHEDULED to 12/16/21 at 11:00am CST. Counsel should call (888) 684-8852, access code 5618926.#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 11/01/2021) |
| 11/02/2021 | 144 | NOTICE by Kevin Michael Forde of Change of Address (Forde, Kevin) (Entered: 11/02/2021) |
| 11/02/2021 | 145 | NOTICE by Michael K. Forde of Change of Address (Forde, Michael) (Entered: 11/02/2021) |
| 11/02/2021 | 146 | NOTICE by Brian Patrick O'Meara of Change of Address (O'Meara, Brian) (Entered: 11/02/2021) |
| 11/02/2021 | 147 | NOTICE by Kevin R. Malloy of Change of Address (Malloy, Kevin) (Entered: 11/02/2021) |
| 11/02/2021 | 148 | NOTICE by Ellen M Carey of Change of Address (Carey, Ellen) (Entered: 11/02/2021) |
| 12/14/2021 | 149 | MINUTE entry before the Honorable Jeffrey Cole: The telephone status conference scheduled for 12/16/21 at 11:00am, is changed to a video status conference. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2300, access code 094859009. (NOTE CHANGE IN DIAL-IN NUMBER). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should |

| | | |
|---|---|---|
| | | contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 12/14/2021) |
| 12/15/2021 | 150 | MINUTE entry before the Honorable Jeffrey Cole: The video status conference set for 12/16/21 at 11:00am, is RESCHEDULED TO 9:30am. (THIS IS A TIME CHANGE ONLY). Instructions were emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2300, access code 094859009. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (yt) (Entered: 12/15/2021) |
| 12/15/2021 | 151 | MOTION by Defendant Hill's Pet Nutrition, Inc. for extension of time to complete discovery / *Agreed Motion for Extension of Time to Complete Discovery* (Chanoine, Hannah) (Entered: 12/15/2021) |
| 12/15/2021 | 152 | MINUTE entry before the Honorable Jeffrey Cole: The Agreed Motion For Extension Of Time To Complete Discovery 151 is granted. The extended discovery schedule is as follows: Fact discovery (including depositions) to be completed by 2/21/22; Plaintiffs' Rule 26(a)(2) expert disclosures to be completed by 4/4/22; Depositions of Plaintiffs' expert(s) to be completed by 5/16/22; Defendants' Rule 26(a)(2) expert disclosures to be completed by 6/27/22; Depositions of Defendants' expert(s) to be completed by 8/8/22; All expert discovery (including expert depositions) to be completed by 8/8/22. Accordingly, the video status conference set for 12/16/21 is stricken and rescheduled to 2/16/22 at 9:00am. Instructions were emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2300, access code 094859009. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Mailed notice (yt) (Entered: 12/15/2021) |
| 01/20/2022 | 153 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19074204. (Daniels, Justine) (Entered: 01/20/2022) |
| 01/20/2022 | 154 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19074333. (Pettig, Bruce) (Entered: 01/20/2022) |
| 01/20/2022 | 155 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19074382. (Babu, Naomi) (Entered: 01/20/2022) |
| 01/27/2022 | 156 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motions for pro hac vice 153 , 154 and 155 are granted. Attorneys Justine Daniels, Bruce Pettig and Naomi Babu are given leave to file an appearance on behalf of Defendants. Notice mailed by Judge's staff (lf, ) (Entered: 01/27/2022) |
| 01/31/2022 | 157 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19106234. (Morrill, Michael) (Entered: 01/31/2022) |
| 01/31/2022 | 158 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19107875. (Coyne, Edward) (Entered: 01/31/2022) |
| 01/31/2022 | 159 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19107932. (Tompkins, Luke) (Entered: 01/31/2022) |
| 01/31/2022 | 160 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19107977. (Evans, Lynwood) (Entered: 01/31/2022) |
| 02/01/2022 | 161 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150. (Kelly, Michael) (Entered: 02/01/2022) |
| 02/01/2022 | 162 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19113531. (Kelly, Michael) (Entered: 02/01/2022) |
| 02/01/2022 | 163 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19113586. (Davis, Matthew) (Entered: 02/01/2022) |
| 02/02/2022 | 164 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' motions for pro hac vice 157 , 158 , 159 , 160 , 161 , 162 and 163 are granted. Attorneys Michael Morrill, Edward Coyne, Luke Tompkins, Lynwood Evans, Michael Kelly and Matthew Davis are given leave to file appearances on behalf of Plaintiffs'. Notice mailed by Judge's staff (lf, ) (Entered: 02/02/2022) |
| 02/02/2022 | 165 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Michael Patrick Morrill (Morrill, Michael) (Entered: 02/02/2022) |

| 02/07/2022 | 166 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Michael A Kelly (Kelly, Michael) (Entered: 02/07/2022) |
|---|---|---|
| 02/07/2022 | 167 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Matthew D. Davis *(Notice of Appearance)* (Davis, Matthew) (Entered: 02/07/2022) |
| 02/08/2022 | 168 | MINUTE entry before the Honorable Jeffrey Cole: The video status conference set for 2/16/22 at 9:00am has a new dial-in number. Please call (571) 353-2301, access code 509147929#. (NOTE CHANGE IN DIAL-IN NUMBER). Instructions will be emailed to counsel. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any issues arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 02/08/2022) |
| 02/10/2022 | 169 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Bruce C. Pettig (Pettig, Bruce) (Entered: 02/10/2022) |
| 02/10/2022 | 170 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Naomi Babu (Babu, Naomi) (Entered: 02/10/2022) |
| 02/10/2022 | 171 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Justine Marise Daniels (Daniels, Justine) (Entered: 02/10/2022) |
| 02/11/2022 | 172 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Luke C Tompkins (Tompkins, Luke) (Entered: 02/11/2022) |
| 02/11/2022 | 173 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Edward J Coyne, III (Coyne, Edward) (Entered: 02/11/2022) |
| 02/11/2022 | 174 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Lynwood P Evans (Evans, Lynwood) (Entered: 02/11/2022) |
| 02/12/2022 | 175 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19151029. (shulman, daniel) (Entered: 02/12/2022) |
| 02/15/2022 | 176 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant for extension of time to complete discovery (Carey, Ellen) (Entered: 02/15/2022) |
| 02/16/2022 | 177 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held and motion hearing held on 2/16/22. This case, which involves a claim by purchasers of the defendant's dog food that the plaintiffs and other consumers were falsely led to believe that the defendant's pet food products contained a drug or medicine which, it is claimed, they do not. Despite the seeming clarity of the claim, and the fact that we are now in the fifth year of litigation, the plaintiffs have moved for a 30 day extension of the fact discovery deadline which was scheduled to close on 2/21/22. 152 . Plaintiff also seeks to add time to the expert discovery schedule which was to close on 8/8/22, [152, 176], which would make the period of discovery in this case span five and a half years. It is well to remember that judges' failures to properly monitor discovery is a source of constant criticism by reviewing courts, and is deemed to be the source of increased costs of litigation and accounts for much of the abuses by plaintiffs' and defendants' lawyers, alike. See, e.g., Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring). See also Victor Marrero, The Costs of Rules, The Rule of Costs, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook, Discovery as Abuse, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.,* 614 F.3d 400, 411412 (7th Cir.2010); *Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.,* 59 Fed. Appx. 830, 840 (7th Cir.2003). Thus, while the motion is granted 176 , the parties should be under no illusions: THIS IS A FINAL EXTENSION. It cannot be too often stressed that "[m]anaging the discovery process is the district court's business." *Brill v. Lante Corp.,* 119 F.3d 1266, 1275 (7th Cir. 1997). *Accord Wanko v. Bd. of Trustees of Indiana Univ.,* 927 F.3d 966, 969 (7th Cir. 2019). "All good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks,* 513 F.3d 228, 238 (5th Cir. 2008). That time is at hand here. The parties and their counsel should not overlook Local Rule 16.1. which requires that discovery be completed not merely scheduled within the discovery deadlines set by the court. Finally, counsel are to file a Joint status report every three weeks that details the progress of discovery, including what discovery has occurred, what discovery has been scheduled, what discovery remains to be completed, etc. The next video status is set for 3/16/22 at 9:30am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should |

| | | |
|---|---|---|
| | | contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 02/16/2022) |
| 02/24/2022 | 178 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19187241. (Haran, Kayla) (Entered: 02/24/2022) |
| 03/09/2022 | 179 | MINUTE entry before the Honorable Jeffrey Cole: The video status conference scheduled for 3/16/22 is cancelled and CHANGED to 3/14/22 at 11:00am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt) (Entered: 03/09/2022) |
| 03/09/2022 | 180 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 03/09/2022) |
| 03/11/2022 | 181 | Notice of Withdrawal of Counsel by Hill's Pet Nutrition, Inc. (Babu, Naomi) (Entered: 03/11/2022) |
| 03/13/2022 | 182 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Radhika V. Lohia (Lohia, Radhika) (Entered: 03/13/2022) |
| 03/14/2022 | 183 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held and continued to 5/16/22. Counsel are working cooperatively and efficiently towards completing discovery within the present schedule. However, due to certain circumstances described in the Joint Status report 180 , the present discovery schedule may need some alterations. If that were to occur, the parties will file an appropriate motion. The next video status conference is set for 5/16/22 at 11:00am CST. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any difficulties arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 03/14/2022) |
| 03/23/2022 | 184 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-19271655. (Schneider, Anna) (Entered: 03/23/2022) |
| 03/23/2022 | 185 | MINUTE entry before the Honorable Jorge L. Alonso: The parties' Motions to appear pro hac vice 175 , 178 and 184 are granted. Attorney Daniel R. Shulman is given leave to file an appearance on behalf of Plaintiffs. Attorneys Kayla Haran and Anna Schneider are given leave to file appearances on behalf of Defendant Hill's Pet Nutrition, Inc. Notice mailed by Judge's staff (lf, ) (Entered: 03/23/2022) |
| 03/23/2022 | 186 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant for extension of time to complete discovery (Carey, Ellen) (Entered: 03/23/2022) |
| 03/24/2022 | 187 | MINUTE entry before the Honorable Jeffrey Cole: Order number 177 stated in part "Thus, while the motion is granted 176, the parties should be under no illusions: THIS IS A FINAL EXTENSION. It cannot be too often stressed that "[m]anaging the discovery process is the district court's business." *Brill v. Lante Corp.,* 119 F.3d 1266, 1275 (7th Cir. 1997). *Accord Wanko v. Bd. of Trustees of Indiana Univ.,* 927 F.3d 966, 969 (7th Cir. 2019). "All good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks,* 513 F.3d 228, 238 (5th Cir. 2008). That time is at hand here. The parties and their counsel should not overlook Local Rule 16.1. which requires that discovery be completed not merely scheduled within the discovery deadlines set by the court. Finally, counsel are to file a Joint status report every three weeks that details the progress of discovery, including what discovery has occurred, what discovery has been scheduled, what discovery remains to be completed, etc." Nonetheless, the parties or at least one of them, has now informed the court that the discovery schedule "may need some alterations." 183 . Thereafter, the plaintiffs move for another extension 186 , this time seeking another 60 days. The defendants objected to 60 days, but are willing to agree to a 30 day extension, subject to certain conditions. [186, para. 15 and 16]. The plaintiff's motion 186 is denied. However, fact and expert discovery will be extended 30 days, as discussed in the defendants' response. If the plaintiff has experienced difficulty in obtaining documents, the proper remedy was to seek assistance from the Court, rather than simply to keep seeking extensions of the discovery schedule. As the 5th Circuit has rightly said, "All good things, including discovery, must come to an end." 177 . For this case, that time is at hand. Fact discovery (including depositions) will now end on 4/22/22. Expert discovery (including depositions) will end on 10/10/22. Local Rule 16.1 should not be ignored, and will be rigorously followed. Emailed notice (yt) (Entered: 03/24/2022) |
| 03/24/2022 | 188 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Anna Schneider (Schneider, Anna) (Entered: 03/24/2022) |

| 03/24/2022 | 189 | ATTORNEY Appearance for Defendant Hill's Pet Nutrition, Inc. by Kayla Haran (Haran, Kayla) (Entered: 03/24/2022) |
|---|---|---|
| 03/25/2022 | 190 | MINUTE entry before the Honorable Jeffrey Cole: My order of 3/24/22 187 mistakenly ordered that the new expert discovery deadline is 10/10/22. That Order is amended as follows: the close of expert discovery (including depositions) is 11/18/22. We apologize for any inconvenience the error may have caused. Mailed notice (sxw) (Entered: 03/25/2022) |
| 04/14/2022 | 191 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 04/14/2022) |
| 05/05/2022 | 192 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 05/05/2022) |
| 05/06/2022 | 193 | MOTION by Defendant PetSmart, Inc. for leave to file *Motion for Summary Judgment* (McCall, Kara) (Entered: 05/06/2022) |
| 05/06/2022 | 194 | NOTICE of Motion by Kara L McCall for presentment of motion for leave to file 193 before Honorable Jorge L. Alonso on 5/12/2022 at 09:30 AM. (McCall, Kara) (Entered: 05/06/2022) |
| 05/11/2022 | 195 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion 19 hearing set for 5/12/22 at 9:30 a.m. Members of the public and media will be able to call in to listen to this hearing. The call-in number is 888-808-6929 and the access code is 4911854. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notice mailed by Judge's staff (lf, ) (Entered: 05/11/2022) |
| 05/12/2022 | 196 | MINUTE entry before the Honorable Jorge L. Alonso: Telephonic motion hearing held. For the reasons stated on the record, Defendant PetSmart, LLC's Motion for leave to file motion for summary judgment 193 is granted. Defendant's motion for summary judgment shall be filed by 6/9/22; Plaintiffs' response shall be filed by 7/8/22; Defendant's reply shall be filed by 7/22/22. The Court will rule electronically on the motion. Discovery is to proceed. Notice mailed by Judge's staff (lf, ) (Entered: 05/12/2022) |
| 05/13/2022 | 197 | MOTION by Defendant PetSmart, Inc. to withdraw *Motion For Leave To File Motion For Summary Judgment 193* (McCall, Kara) (Entered: 05/13/2022) |
| 05/13/2022 | 198 | NOTICE of Motion by Kara L McCall for presentment of motion to withdraw 197 before Honorable Jorge L. Alonso on 5/23/2022 at 09:30 AM. (McCall, Kara) (Entered: 05/13/2022) |
| 05/16/2022 | 199 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held. Fact discovery is closed and the parties are presently involved in expert discovery, which will end on 11/18/22 190. Counsel reported that there were no issues that required discussion or attention at this point. Counsel were reminded that if any issues arises during discovery, to contact the Court. The next video status conference is set for 9/7/22 at 9:30am. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Instructions will be emailed to counsel. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any issues arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 05/16/2022) |
| 05/20/2022 | 200 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant PetSmart LLC's motion to withdraw motion for leave to file motion for summary judgment 197 is granted. Motion hearing date of 5/23/22 is stricken. The previously set briefing schedule 196 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/20/2022) |
| 05/26/2022 | 201 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 05/26/2022) |
| 06/16/2022 | 202 | TRANSCRIPT OF PROCEEDINGS held on 03/14/22 before the Honorable Jeffrey Cole. Order Number: 42879. Court Reporter Contact Information: Patrick Mullen, (312) 435-5565, patrick_mullen@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 7/7/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/14/2022. (Mullen, Patrick) (Entered: 06/16/2022) |
| 06/16/2022 | 203 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 06/16/2022) |
| 06/24/2022 | 204 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Kevin Michael Forde *Amended Appearance of Kevin M. Forde* (Forde, Kevin) (Entered: 06/24/2022) |
| 07/07/2022 | 205 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 07/07/2022) |
| 07/28/2022 | 206 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 07/28/2022) |
| 08/18/2022 | 207 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 08/18/2022) |
| 08/25/2022 | 208 | MINUTE entry before the Honorable Jeffrey Cole: At the Court's instance, the video status conference set for 9/7/22 is RESCHEDULED for 9/21/22 at 10:00am. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Instructions will be emailed to counsel. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any issues arise during depositions, counsel should contact the Court. Emailed notice (yt) (Entered: 08/25/2022) |
| 09/08/2022 | 209 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 09/08/2022) |
| 09/16/2022 | 210 | MOTION by Defendant Hill's Pet Nutrition, Inc. for extension of time *(Agreed Motion to Extend Expert Deposition Deadline for the Limited Purpose of Deposing Dr. Kathy Gross)* (Chanoine, Hannah) (Entered: 09/16/2022) |
| 09/16/2022 | 211 | NOTICE of Motion by Hannah Chanoine for presentment of extension of time 210 before Honorable Jeffrey Cole on 9/21/2022 at 09:30 AM. (Chanoine, Hannah) (Entered: 09/16/2022) |
| 09/16/2022 | 212 | ATTORNEY Appearance for Defendant PetSmart, Inc. by Lauren Tallon Keane (Keane, Lauren) (Entered: 09/16/2022) |
| 09/20/2022 | 213 | MINUTE entry before the Honorable Jeffrey Cole: The Agreed Motion To Extend Expert Deposition Deadline For The Limited Purpose of Deposing Dr. Kathy Gross to 10/13/22 210 is granted. Emailed notice (yt) (Entered: 09/20/2022) |
| 09/21/2022 | 214 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held. Parties report that discovery is proceeding without incident. The next video status report is set for 11/22/22 at 9:00am. Members of the public and media will be able to call in to listen to this hearing. Please call (571) 353-2301, access code 509147929#. Instructions will be emailed to counsel. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Should any issues arise during depositions, counsel should contact the Court. I can be reached by a call to my courtroom deputy, Yulonda Thomas, at 312-408-5178, and she will arrange for me to participate in the phone call. Emailed notice (yt) (Entered: 09/21/2022) |
| 09/29/2022 | 215 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 09/29/2022) |
| 10/06/2022 | 216 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-19916948. (Eglinton, Donalt) (Entered: 10/06/2022) |
| 10/20/2022 | 217 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 10/20/2022) |
| 11/10/2022 | 218 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20035364. (Lally, Amy) (Entered: 11/10/2022) |
| 11/10/2022 | 219 | STATUS Report *JOINT* by Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 11/10/2022) |
| 11/22/2022 | 220 | MINUTE entry before the Honorable Jeffrey Cole: Video status conference held. Expert discovery was ordered to close in this now five year old case on 11/18/22 -- as recognized in the parties' recent status report. 219 . At the status hearing today I was informed that a significant problem had arisen during the recent deposition of an "expert" witness. No motion had been made regarding this issue, and no phone call had been made to Chambers during the deposition, despite the fact that the lawyers had been instructed to call "should *any* issues arise during depositions." [Emphasis supplied]. Counsel for the defendant said she had interpreted the Order as only being intended to apply in the event that there were disruptions to or misbehavior during the deposition. Moreover, in the Joint Status Report of 11/10/22 219 , counsel was aware that a problem could arise and stated: "Defendants believe that, based on Plaintiffs' disclosed expert reports and deposition testimony, Plaintiffs' experts intend to offer opinions and testimony that are not |

| | | proper, which Defendants may seek to strike. Plaintiffs disagree. Once the depositions are complete, and consistent with LR 37.2, Defendants will meet and confer with Plaintiffs to attempt to resolve this issue without court intervention." Although they were unsuccessful in their attempt to resolve the issue, no motion was made in advance of the deposition. The following schedule will govern the filing of the briefs on this issue: Defendant's motion will be filed on 11/28/22, response by plaintiff on 12/5/22, reply, if necessary by 12/12/22. The next video status conference is set for 1/25/23 at 11:00am. Members of the public and media will be able to call in to listen to this hearing. Please call (650) 479-3207, access code 1807229989#. Instructions will be emailed to counsel. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt) (Entered: 11/22/2022) |
|---|---|---|
| 11/28/2022 | 221 | MOTION by Defendant Hill's Pet Nutrition, Inc. to strike *Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs* (Chanoine, Hannah) (Entered: 11/28/2022) |
| 11/28/2022 | 222 | DECLARATION of Hannah Y. Chanoine regarding motion to strike 221 (Attachments: # 1 Exhibit G) (Chanoine, Hannah) (Entered: 11/28/2022) |
| 11/28/2022 | 223 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal document */ Unopposed Motion for Leave to File Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs Under Seal* (Chanoine, Hannah) (Entered: 11/28/2022) |
| 11/28/2022 | 🔒224 | DOCUMENT REMOVED Per Court Order Dated 12/12/2022. (Chanoine, Hannah) (Main Document 224 replaced on 12/14/2022) (td, ). Modified on 12/14/2022 (td, ). (Entered: 11/28/2022) |
| 11/29/2022 | 225 | MINUTE entry before the Honorable Jeffrey Cole: The defendants have filed a motion to seal 223 all the exhibits supporting their motion to strike 221 and also to redact significant portions of their memorandum in support of that motion. For the following reasons the motion to seal 223 is denied. Under Local Rule 26.2(b), "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal." The defendants make no such showing other than to say that their motion "refers to, attaches, and cites information that is derived from deposition testimony and expert reports designated as "Confidential" or "Highly Confidential Attorneys Eyes Only" by the producing party pursuant to the Confidentiality Order in this case." [Dkt. # 223 , at 1]. But, under the Confidentiality Order, the mere designation of a document as "Confidential" or "Highly Confidential Attorneys Eyes Only" does not alone amount to the required "good cause" or allow for that document to be filed under seal. [Dkt. # 100 , Par. 8]. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document... may... legitimately... be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.* , 297 F.3d 544, 546 (7th Cir. 2002). *See also Bierk v. Tango Mobile, LLC* , No. 19 C 5167, 2021 WL 308834 (N.D. Ill. Jan. 29, 2021); *Bierk v. Tango Mobile, LLC* , No. 19 C 5167, 2021 WL 308833, at *1 (N.D. Ill. Jan. 29, 2021). The portions of their brief the defendants seek to redact tell the court that neither they nor their opponent have abided by the requirements set forth in numerous cases and by the rules regarding what may be kept from public view and what may not. Here are just a few examples of what the parties apparently think is "confidential": "he admitted that several opinions were not rebuttal opinions at all, but new affirmative opinion," "which revised the central opinion she offered through her initial report," "improperly contacted a party represented by counsel just days before her deposition to obtain hearsay to reinforce her original opinion", "as a marketing expert purportedly to rebut Defendants' survey expert, Sarah Butler" [Dkt. # 221 , at 1-2]; "During her rebuttal deposition, Dr. Netz disclosed an entirely new opinion that completely contradicts her opening report", "revealed at her deposition that after submitting her rebuttal report and just days before her deposition she and her staff improperly contacted Defendant PetSmart employees in a last-minute effort to bolster her affirmative opinion" [Dkt. # 221 , at 2]. The redactions continue in this vein throughout the brief, and the court cannot fathom what is confidential about any of these types of statements. Perhaps the most astounding example of ignoring the "good cause" requirement a requirement which is mandatory, not optional comes when the defendants redact the word "materiality" from the heading "Dr. Maronick's Materiality Opinions are Untimely and Improper." [Dkt. # 221 , at 5]. The fact that the parties deem the word "materiality" to be confidential raises questions about whether any of the exhibits are "confidential." Are entire expert reports confidential as the parties seem to think? Unlikely, but without any attempt to show "good cause" in the defendants' motion to seal, there is no way to tell. Clearly, the motion to seal cannot be granted as filed. And as filed, the motion to seal is denied. But the court will allow the documents to remain provisionally sealed until December 13, 2022, to allow the defendants to file a properly supported motion to seal if they so choose. Mailed notice (ber, ) Modified on 11/29/2022 (ber, ). (Entered: 11/29/2022) |
| 11/29/2022 | 226 | MOTION by Defendant PetSmart, Inc. to substitute party (McCall, Kara) (Entered: 11/29/2022) |

| | | |
|---|---|---|
| 11/29/2022 | 227 | NOTICE of Motion by Kara L McCall for presentation of motion to substitute party 226 before Honorable Jorge L. Alonso on 12/7/2022 at 09:30 AM. (McCall, Kara) (Entered: 11/29/2022) |
| 12/02/2022 | 228 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motion to substitute party 226 is granted. The Clerk's office is directed to substitute the name "PetSmart, LLC" for Defendant "PetSmart, Inc." Motion hearing date of 12/7/22 is stricken. Plaintiff's motion for leave to appear pro hac vice 216 is granted. Attorney Donalt J. Eglinton is given leave to file an appearance on behalf of Plaintiff. Defendant's motion for leave to appear pro hac vice 218 is granted. Attorney Amy P. Lally is given leave to file an appearance on behalf of Defendant PetSmart. Notice mailed by Judge's staff (lf, ) (Entered: 12/02/2022) |
| 12/05/2022 | 229 | ATTORNEY Appearance for Defendant PetSmart, LLC by Amy Pesapane Lally (Lally, Amy) (Entered: 12/05/2022) |
| 12/05/2022 | 230 | RESPONSE by Sherry Nevius, Holly Blaine Vanzantin Opposition to MOTION by Defendant Hill's Pet Nutrition, Inc. to strike / *Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs* 221 (Carey, Ellen) (Entered: 12/05/2022) |
| 12/05/2022 | 231 | DECLARATION of Ellen M. Carey regarding response in opposition to motion, 230 *Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Carey, Ellen) (Entered: 12/05/2022) |
| 12/05/2022 | 232 | SEALED EXHIBIT by Plaintiffs Sherry Nevius, Holly Blaine Vanzant *Declaration of Ellen M. Carey* regarding response in opposition to motion, 230 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Carey, Ellen) (Entered: 12/05/2022) |
| 12/05/2022 | 233 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to seal document exhibit, 232 *File Provisionally Under Seal as Exhibit 6 to the Declaration of Ellen M. Carey Supporting Plaintiffs' Response in Opposition to Defs' Joint Motion to Strike Rebuttal Opinions* (Carey, Ellen) (Entered: 12/05/2022) |
| 12/05/2022 | 234 | NOTICE of Motion by Ellen M Carey for presentation of motion to seal document, 233 before Honorable Jeffrey Cole on 1/25/2023 at 11:00 AM. (Carey, Ellen) (Entered: 12/05/2022) |
| 12/09/2022 | 235 | MINUTE entry before the Honorable Jeffrey Cole: Given that ten days have passed without any filings responsive to the court's order of November 29th, the court reminds the parties that all provisionally sealed documents will be unsealed on December 13, 2022. [Dkt. # 225 ("... the court will allow the documents to remain provisionally sealed until December 13, 2022..." (emphasis added)]. Mailed notice (lxs, ) (Entered: 12/09/2022) |
| 12/09/2022 | 236 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal document / *Re-Filed Motion to File Under Seal Exhibits in Support of Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs* 223 (Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 237 | DECLARATION of Brian McCall *in Support of Defendants' Re-Filed Motion to File Under Seal,* 236 223 (Attachments: # 1 Collection of Unpublished Cases from Westlaw Cited in Re-Filed Motion to Seal) (Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 238 | DECLARATION of Grant Lundgren *in Support of Defendants' Re-Filed Motion to File Under Seal,* 236 223 (Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 239 | SEALED EXHIBIT by Defendant Hill's Pet Nutrition, Inc. *Related to Re-Filed Motion to File Under Seal (Provisionally)* 223 236 (Attachments: # 1 Exhibit F)(Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 240 | NOTICE of Motion by Hannah Chanoine for presentation of motion to seal document, 236 before Honorable Jeffrey Cole on 1/25/2023 at 11:00 AM. (Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 241 | MOTION by Defendant Hill's Pet Nutrition, Inc. to strike / *Unredacted Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs* 221 (Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/09/2022 | 242 | DECLARATION of Hannah Y. Chanoine regarding motion to strike 221 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Chanoine, Hannah) (Entered: 12/09/2022) |
| 12/12/2022 | 243 | MINUTE entry before the Honorable Jeffrey Cole: Defendants' motion to file under seal unredacted copies of Exhibits D and F [Dkt. #236] is granted. The previously filed Motion to Strike [Dkt. #221] and Requests to seal Exhibits A, B, C, E to the Declaration of Hannah Chanoine to the Motion to Strike [Dkt. #223, 224] are also withdrawn. As Dkt. # 224 has been replaced by properly filed and sealed exhibits, it shall be removed from the docket. Plaintiff's motion to seal Exhibit 6, the Report of Dr. Ugone [Dkt. #233] is denied and Dkt. # 232 is unsealed. Mailed notice (lp, ) (Entered: 12/12/2022) |

| | | |
|---|---|---|
| 12/12/2022 | 244 | REPLY by Defendant Hill's Pet Nutrition, Inc. to motion to strike 241 / *in Support* (Chanoine, Hannah) (Entered: 12/12/2022) |
| 12/12/2022 | 245 | DECLARATION of Hannah Y. Chanoine regarding reply 244 / *in Support* (Attachments: # 1 Exhibit H, # 2 Exhibit I)(Chanoine, Hannah) (Entered: 12/12/2022) |
| 01/06/2023 | 246 | MINUTE entry before the Honorable Jeffrey Cole: For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendants' motion [Dkt. #241] is granted insofar as Maronik's report is stricken and defendants's experts are allowed to respond to Netz's opinions about her but-for world in connection with any motion, hearing, or trial. ENTER MEMORANDUM OPINION AND ORDER. Emailed notice (yt) (Entered: 01/06/2023) |
| 01/06/2023 | 247 | MEMORANDUM OPINION AND ORDER: Signed by the Honorable Jeffrey Cole on 1/6/23. Emailed notice (yt) (Entered: 01/06/2023) |
| 01/20/2023 | 248 | ATTORNEY Appearance for Plaintiffs Sherry Nevius, Holly Blaine Vanzant by Michael L Mcglamry (Mcglamry, Michael) (Entered: 01/20/2023) |
| 01/20/2023 | 249 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to certify class (Carey, Ellen) (Entered: 01/20/2023) |
| 01/20/2023 | 250 | MEMORANDUM by Sherry Nevius, Holly Blaine Vanzant in support of motion to certify class 249 (Attachments: # 1 Appendix Exhibit List, # 2 Exhibit Exhibits 1-34)(Carey, Ellen) (Entered: 01/20/2023) |
| 01/20/2023 | 251 | NOTICE of Motion by Ellen M Carey for presentment of motion to certify class 249 before Honorable Jorge L. Alonso on 1/26/2023 at 09:30 AM. (Carey, Ellen) (Entered: 01/20/2023) |
| 01/20/2023 | 🔒 252 | SEALED RESPONSE by Sherry Nevius, Holly Blaine Vanzant to MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to certify class 249 (Attachments: # 1 Appendix Exhibit List, # 2 Exhibit Exhibits 1-24, # 3 Exhibit Exhibit 25-a, # 4 Exhibit Exhibit 25-b, # 5 Exhibit Exhibits 26-34)(Carey, Ellen) (Entered: 01/20/2023) |
| 01/20/2023 | 253 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to seal document sealed response, 252 *for Leave to File Provisionally Under Seal Plaintiffs' Memorandum of Law and Exhibits in Support of Their Motion for Class Certification* (Carey, Ellen) (Entered: 01/20/2023) |
| 01/20/2023 | 254 | NOTICE of Motion by Ellen M Carey for presentment of motion to seal document, 253 before Honorable Jorge L. Alonso on 1/26/2023 at 09:30 AM. (Carey, Ellen) (Entered: 01/20/2023) |
| 01/23/2023 | 255 | MINUTE entry before the Honorable Jeffrey Cole: On the Court's own motion, the video status conference set for 1/25/23 is stricken and RESCHEDULED for 3/3/23 at 9:30am. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (650) 479-3207, access code 1807229989#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (yt) (Entered: 01/23/2023) |
| 01/24/2023 | 256 | MINUTE entry before the Honorable Jeffrey Cole: On 1/6/23, we entered a Memorandum Opinion and Order that provided if the parties wanted a settlement conference, they should contact the Court and a conference would be set. Not having heard from counsel, and the discovery having closed, the video status conference set for 3/3/23 is stricken, the referral is closed and the case returned to Judge Alonso. Emailed notice (yt) (Entered: 01/24/2023) |
| 01/25/2023 | 257 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' motion for class certification 249 is taken under advisement. The Court adopts the parties' proposed briefing schedule. Defendants' Opposition to Class Certification Motion and Daubert Motions shall be filed by 3/20/23; Plaintiffs' reply in support of class certification, Daubert Motions and Opposition to Defendants' Daubert motions shall be filed by 4/19/23; Defendants' reply in support of Daubert motions and oppositions to Plaintiff's Daubert motions shall be filed by 5/19/23; Plaintiffs' replies in support of Daubert motions shall be filed by 6/19/23. Motion hearing date of 1/26/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 01/25/2023) |
| 02/17/2023 | 258 | MOTION by Defendant Hill's Pet Nutrition, Inc. for leave to file excess pages *in Opposition to Plaintiffs' Motion for Class Certification* (Chanoine, Hannah) (Entered: 02/17/2023) |
| 02/17/2023 | 259 | NOTICE of Motion by Hannah Chanoine for presentment of motion for leave to file excess pages 258 before Honorable Jeffrey Cole on 2/23/2023 at 11:00 AM. (Chanoine, Hannah) (Entered: 02/17/2023) |
| 02/17/2023 | 260 | *Amended* NOTICE of Motion by Hannah Chanoine for presentment of motion for leave to file excess pages 258 before Honorable Jorge L. Alonso on 2/23/2023 at 11:00 AM. (Chanoine, Hannah) (Entered: 02/17/2023) |

| | | | |
|---|---|---|---|
| 02/21/2023 | | 261 | RESPONSE by Sherry Nevius, Holly Blaine Vanzantin Opposition to MOTION by Defendant Hill's Pet Nutrition, Inc. for leave to file excess pages *in Opposition to Plaintiffs' Motion for Class Certification* 258 (Carey, Ellen) (Entered: 02/21/2023) |
| 02/22/2023 | | 262 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's motion for leave to exceed page limitation in opposition to Plaintiffs' motion for class certification 258 is granted. Motion hearing date of 2/23/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 02/22/2023) |
| 02/24/2023 | | 263 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal / *DEFENDANTS' UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION* (Daniels, Justine) (Entered: 02/24/2023) |
| 02/24/2023 | | 264 | NOTICE of Motion by Justine Marise Daniels for presentment of motion to seal 263 before Honorable Jorge L. Alonso on 3/7/2023 at 09:30 AM. (Daniels, Justine) (Entered: 02/24/2023) |
| 02/24/2023 | | 265 | DECLARATION of Justine Daniels regarding motion to seal 263 *IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Daniels, Justine) (Entered: 02/24/2023) |
| 02/24/2023 | | 266 | DECLARATION of Brian McCall regarding motion to seal 263 *IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION* (Daniels, Justine) (Entered: 02/24/2023) |
| 02/24/2023 | | 267 | MOTION by Defendant PetSmart, LLC to seal (McCall, Kara) (Entered: 02/24/2023) |
| 02/24/2023 | 🔒 | 268 | SEALED EXHIBIT by Defendant PetSmart, LLC *"Exhibit A"* regarding MOTION by Defendant PetSmart, LLC to seal 267 (McCall, Kara) (Entered: 02/24/2023) |
| 02/24/2023 | | 269 | NOTICE of Motion by Kara L McCall for presentment of motion to seal 267 before Honorable Jorge L. Alonso on 3/7/2023 at 09:30 AM. (McCall, Kara) (Entered: 02/24/2023) |
| 03/06/2023 | | 270 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant Hill's Pet Nutrition, Inc. filed an unopposed motion to file under seal 263 select portions of certain exhibits that were filed by Plaintiffs in support of their motion for class certification on the basis that they constitute trade secrets, business information that might harm competitive standing if made public, and/or are not materials that form the basis of the parties' dispute or the district court's resolution. See Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 545 (7th Cir. 2002) ("trade secrets" or "something comparable whose economic value depends on its secrecy" may be filed under seal); id. at 548 ("The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution."). Defendant PetSmart, LLC filed an unopposed motion to seal narrowly tailored portions of a previously filed exhibit 267 for the same reasons. For good cause shown, Defendants' motions 263 and 267 are granted. See LR 26.2(b). Motion hearing set for 3/7/2023 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 03/06/2023) |
| 03/17/2023 | | 271 | EXHIBIT by Defendant PetSmart, LLC - *Corrected Exhibit "F" To Replace Prior Exhibit "F" To Defendants' Joint Motion To Strike Rebuttal Opinions* regarding declaration 242 (McCall, Kara) (Entered: 03/17/2023) |
| 03/20/2023 | | 272 | RESPONSE by Hill's Pet Nutrition, Inc.in Opposition to MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to certify class 249 (Chanoine, Hannah) (Entered: 03/20/2023) |
| 03/20/2023 | ➡ | 273 | MOTION by Defendant Hill's Pet Nutrition, Inc. / Defendants Motion to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Consumer Survey Expert Rebbecca Reed-Arthurs* (Chanoine, Hannah) (Entered: 03/20/2023) |
| 03/20/2023 | ➡ | 274 | MOTION by Defendant Hill's Pet Nutrition, Inc. to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Damages Expert Janet Netz* (Chanoine, Hannah) (Entered: 03/20/2023) |
| 03/20/2023 | | 275 | DECLARATION of Hannah Y. Chanoine regarding response in opposition to motion 272 , motion for miscellaneous relief 273 , motion for miscellaneous relief 274 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(Chanoine, Hannah) (Entered: 03/20/2023) |
| 03/20/2023 | | 276 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal / *Unopposed Motion to Seal Certain Exhibits in Support of Defendant Hill's Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz* (Chanoine, Hannah) (Entered: 03/20/2023) |

| | | |
|---|---|---|
| 03/20/2023 | 277 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal *Unopposed Motion to Seal Certain Exhibits in Support of Defendant Hill's Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz* (Daniels, Justine) (Entered: 03/20/2023) |
| 03/20/2023 | 278 | NOTICE of Motion by Justine Marise Daniels for presentment of motion to seal, 277 before Honorable Jorge L. Alonso on 3/28/2023 at 09:30 AM. (Daniels, Justine) (Entered: 03/20/2023) |
| 03/20/2023 | 279 | DECLARATION of Brian McCall regarding motion to seal, 277 *in Support of Unopposed Motion to Seal Certain Exhibits in Support of Defendant Hill's Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz* (Daniels, Justine) (Entered: 03/20/2023) |
| 03/20/2023 | 280 | RESPONSE by PetSmart, LLCin Opposition to MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to certify class 249 (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(McCall, Kara) (Entered: 03/20/2023) |
| 03/20/2023 | 281 | MOTION by Defendant PetSmart, LLC to seal (McCall, Kara) (Entered: 03/20/2023) |
| 03/20/2023 | 282 | NOTICE of Motion by Kara L McCall for presentment of motion to seal 281 before Honorable Jorge L. Alonso on 3/30/2023 at 09:30 AM. (McCall, Kara) (Entered: 03/20/2023) |
| 03/20/2023 | 🔒 283 | SEALED EXHIBIT by Defendant Hill's Pet Nutrition, Inc. *included Exhibit J* regarding response in opposition to motion 272 , MOTION by Defendant Hill's Pet Nutrition, Inc. to seal *Unopposed Motion to Seal Certain Exhibits in Support of Defendant Hill's Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Opinions and Testimony* 277 , MOTION by Defendant Hill's Pet Nutrition, Inc. / *Defendants to Exclude the Opinions and Testimony of Plaintiffs' Proffered Consumer Survey Expert Rebbecca Reed-Arthurs* 273 , MOTION by Defendant Hill's Pet Nutrition, Inc. to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz 274 (Attachments: # 1 Exhibit Q, # 2 Exhibit V)(Chanoine, Hannah) (Entered: 03/20/2023) |
| 03/20/2023 | 🔒 284 | SEALED EXHIBIT by Defendant PetSmart, LLC *Exhibit 2* regarding MOTION by Defendant PetSmart, LLC to seal 281 , response in opposition to motion, 280 (Attachments: # 1 Exhibit 6, # 2 Exhibit 7) (McCall, Kara) (Entered: 03/20/2023) |
| 03/24/2023 | 285 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs move to file provisionally under seal portions of their memorandum of law and exhibits in support of their motion for class certification 253 . The Court having previously granted Defendant's motion for leave to file under seal the same materials, Plaintiffs' motion is granted for the reasons stated in the Court's Order of 3/6/2023 270 . Defendant Hill's Pet Nutrition, Inc. ("Hill's") filed an unopposed motion to file under seal 277 two exhibits filed in support of its Opposition to Plaintiffs' Motion for Class Certification and Motion to Exclude the Opinions and Testimony of Plaintiffs' Proffered Damages Expert Janet Netz because each contains or discusses commercially sensitive, confidential information, including pricing and retail strategies and sales data. Defendant Hill's has narrowly tailored its request by redacting only the information that discloses confidential information that, if publicly disclosed, could result in competitive harm to Defendant Hill's. See Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 545 (7th Cir. 2002) ("trade secrets" or "something comparable whose economic value depends on its secrecy" may be filed under seal). Based upon a similar rationale, Defendant PetSmart, LLC filed an unopposed motion to seal 281 narrowly tailored portions of one exhibit, and the entirety of two exhibits, filed in support of its Opposition to Plaintiffs' Motion for Class Certification, as well as select portions of one exhibit to Hill's Opposition. For good cause shown, Defendants' motions 277 and 281 are granted. See LR 26.2(b). Because Defendant Hill's filed the same motion twice, Defendant Hill's motion 276 is denied as duplicative. Motion hearings set for 3/28/2023 and 3/30/2023 are stricken. Notice mailed by Judge's staff (lf, ) (Entered: 03/24/2023) |
| 04/12/2023 | 286 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant for extension of time *UNOPPOSED* (Carey, Ellen) (Entered: 04/12/2023) |
| 04/12/2023 | 287 | *UNOPPOSED* NOTICE of Motion by Ellen M Carey for presentment of extension of time 286 before Honorable Jorge L. Alonso on 4/18/2023 at 09:30 AM. (Carey, Ellen) (Entered: 04/12/2023) |
| 04/13/2023 | 288 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' unopposed motion to extend the class certification and Daubert briefing schedule and for leave to exceed the page limitation for Plaintiffs' reply in support of their motion for class certification as to Defendant Hill's 286 is granted. Plaintiffs' reply in support of class certification, Daubert Motions and Opposition to Defendants' Daubert motions shall be filed by 4/26/23; Defendants' reply in support of Daubert motions and oppositions to Plaintiff's Daubert motions shall be filed by 5/26/23; Plaintiffs' replies in support of Daubert motions shall be filed by 6/19/23. Motion hearing date of 4/18/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 04/13/2023) |

| 04/19/2023 | 289 | MOTION by Attorney Anna Schneider to withdraw as attorney for Hill's Pet Nutrition, Inc.. No party information provided (Schneider, Anna) (Entered: 04/19/2023) |
|---|---|---|
| 04/21/2023 | 290 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant's Motion for withdrawal counsel 289 is granted. Attorney Anna Schneider is given leave to withdraw as counsel for Defendant Hill's Pet Nutrition, Inc. Notice mailed by Judge's staff (lf, ) (Entered: 04/21/2023) |
| 04/26/2023 | 291 | RESPONSE by Sherry Nevius, Holly Blaine Vanzantin Opposition to MOTION by Defendant Hill's Pet Nutrition, Inc. / Defendants to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Consumer Survey Expert Rebbecca Reed-Arthurs* 273 (Tompkins, Luke) (Entered: 04/26/2023) |
| 04/26/2023 | ⊸ 292 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant- to Partially Exclude Defendants' Proffered Expert Sarah Butler (Tompkins, Luke) (Entered: 04/26/2023) |
| 04/26/2023 | 293 | MEMORANDUM by Sherry Nevius, Holly Blaine Vanzant in support of motion for miscellaneous relief 292 - *to Partially Exclude Defendants' Proffered Expert Sarah Butler* (Tompkins, Luke) (Entered: 04/26/2023) |
| 04/26/2023 | 294 | DECLARATION of Luke C. Tompkins regarding memorandum in support of motion 293 (Attachments: # 1 Exhibit 1 - Sarah Butler October 7, 2022 Deposition Transcript)(Tompkins, Luke) (Entered: 04/26/2023) |
| 04/26/2023 | 295 | REPLY by Sherry Nevius, Holly Blaine Vanzant to response in opposition to motion 272 (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 296 | REPLY by Sherry Nevius, Holly Blaine Vanzant to response in opposition to motion, 280 (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 297 | DECLARATION of Michael P. Morrill regarding reply to response to motion 296 , reply to response to motion 295 (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 298 | MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to seal document declaration 297 (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 299 | NOTICE of Motion by Ellen M Carey for presentment of motion to seal document 298 before Honorable Jorge L. Alonso on 5/2/2023 at 09:30 AM. (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 300 | RESPONSE by Sherry Nevius, Holly Blaine Vanzantin Opposition to MOTION by Defendant Hill's Pet Nutrition, Inc. to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Damages Expert Janet Netz* 274 (Carey, Ellen) (Entered: 04/26/2023) |
| 04/26/2023 | 🔒 301 | SEALED DOCUMENT by Plaintiffs Sherry Nevius, Holly Blaine Vanzant (Carey, Ellen) (Entered: 04/26/2023) |
| 05/01/2023 | 302 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs filed a motion for leave 298 to file provisionally under seal one document attached as Exhibit 39 to the declaration of Michael P. Morrill in support of Plaintiffs' reply in support of their motion for class certification. Plaintiffs state that Exhibit 39 has been designated as Attorneys' Eyes Only by Defendant Hill's Pet Nutrition, Inc. ("Hill's") pursuant to the parties' Agreed Confidentiality Order 100 . "The court may for good cause shown enter an order directing that one or more documents be filed under seal." L.R. 26.2(b). Under the parties' Agreed Confidentiality Order, the mere designation of a document as "Attorneys Eyes Only" does not alone amount to the required "good cause" or allow for that document to be filed under seal. [100, para. 8]. Plaintiffs, however, only seek leave to file the document provisionally under seal so that Hill's may have more time to review it and can file a motion for leave to file the document under seal, with support, should it so choose. Accordingly, Plaintiffs' motion is granted. The document will remain provisionally sealed until May 15, 2023, to allow Hill's to file a properly supported motion to seal if it so chooses. The hearing set for May 2, 2023 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/01/2023) |
| 05/12/2023 | 303 | MOTION by Defendant Hill's Pet Nutrition, Inc. to seal *Exhibit 39 Provisionally Filed Under Seal in Support of Plaintiffs' Reply Supporting their Motion for Class Certification as to Defendant Hill's Pet Nutrition, Inc. (UNOPPOSED)*<br><br>(Daniels, Justine) (Entered: 05/12/2023) |
| 05/12/2023 | 304 | *(Notice of Unopposed Motion to Seal Exhibit 39 Provisionally Filed Under Seal in Support of Plaintiffs' Reply Supporting their Motion for Class Certification as to Defendant Hill's Pet Nutrition, Inc.)* NOTICE of Motion by Justine Marise Daniels for presentment of motion to seal, 303 before Honorable Jorge L. Alonso on 5/25/2023 at 09:30 AM. (Daniels, Justine) (Entered: 05/12/2023) |
| 05/12/2023 | 305 | DECLARATION of Brian McCall in Support of Defendant Hill's Unopposed Motion to Seal Exhibit 39 Provisionally Filed Under Seal in Support of Plaintiffs' Reply Supporting their Motion for Class |

| | | |
|---|---|---|
| | | Certification as to Defendant Hill's Pet Nutrition, Inc. regarding motion to seal, 303 (Daniels, Justine) (Entered: 05/12/2023) |
| 05/23/2023 | 306 | MINUTE entry before the Honorable Jorge L. Alonso: Defendant Hill's Pet Nutrition, Inc. ("Defendant") filed an unopposed motion 303 to file under seal Exhibit 39 to its reply in support of its motion for class certification because it contains or discusses commercially sensitive, confidential information, including marketing strategies and competitively sensitive research. The information, if publicly disclosed, could result in competitive harm to Defendant. For good cause shown, Defendant's motion 303 is granted. See Baxter Int'l, Inc. v. Abbott Lab'ys, 297 F.3d 544, 545 (7th Cir. 2002) ("trade secrets" or "something comparable whose economic value depends on its secrecy" may be filed under seal); LR 26.2(b). Motion hearing set for 5/25/23 is stricken. Notice mailed by Judge's staff (lf, ) (Entered: 05/23/2023) |
| 05/26/2023 | 307 | RESPONSE by Hill's Pet Nutrition, Inc.in Opposition to MOTION by Plaintiffs Sherry Nevius, Holly Blaine Vanzant- to Partially Exclude Defendants' Proffered Expert Sarah Butler 292 (Chanoine, Hannah) (Entered: 05/26/2023) |
| 05/26/2023 | 308 | DECLARATION of Hannah Y. Chanoine regarding response in opposition to motion 307 (Attachments: # 1 Exhibit W - Trademark and Deceptive Advertising Surveys Ch. 11, # 2 Exhibit X - Reference Manual, # 3 Exhibit Y - Trademark Surveys)(Chanoine, Hannah) (Entered: 05/26/2023) |
| 05/26/2023 | 309 | REPLY by Hill's Pet Nutrition, Inc. to MOTION by Defendant Hill's Pet Nutrition, Inc. to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Damages Expert Janet Netz* 274 (Chanoine, Hannah) (Entered: 05/26/2023) |
| 05/26/2023 | 310 | REPLY by Hill's Pet Nutrition, Inc. to MOTION by Defendant Hill's Pet Nutrition, Inc. / Defendants to Exclude the Opinions and Testimony *of Plaintiffs' Proffered Consumer Survey Expert Rebbecca Reed-Arthurs* 273 (Chanoine, Hannah) (Entered: 05/26/2023) |
| 06/19/2023 | 311 | REPLY by Plaintiffs Sherry Nevius, Holly Blaine Vanzant to motion for miscellaneous relief 292 *In Support of Their Motion to Partially Exclude Defendants' Proffered Survey Expert Sarah Butler* (Tompkins, Luke) (Entered: 06/19/2023) |
| 07/18/2023 | 312 | MOTION by Attorney Michael Patrick Morrill to withdraw as attorney for Sherry Nevius, Holly Blaine Vanzant. No party information provided<br><br>(Mcglamry, Michael) (Entered: 07/18/2023) |
| 07/19/2023 | 313 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiffs' Motion to withdraw as counsel 312 is granted. Attorney Michael Patrick Morrill is given leave to withdraw as counsel for Plaintiffs. Notice mailed by Judge's staff (lf, ) (Entered: 07/19/2023) |
| 09/29/2023 | 314 | MEMORANDUM Opinion and Order: Plaintiff's Motion for Class Certification 249 is granted in part and denied in part. This case is set for status hearing on October 26, 2023 at 9:30 a.m. Signed by the Honorable Jorge L. Alonso on 9/29/2023. Notice mailed by Judge's staff (lf, ) (Entered: 09/29/2023) |